UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY EISOLD,<br><br>  Plaintiff(s),<br><br>  v.<br><br>CODY GARRETT RUNNELS, et al.,<br><br>  Defendant(s). | Case No. 2:24−cv−07516−AB−MAR<br><br>**STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE BIROTTE**<br><br>[REVISED MARCH 15, 2024] |

_____

[1] This Standing Order was revised as of March 15, 2023. Revisions include:
- Complaints must include a numbered list of all causes of action on the face-page.
- Appearances in-person and via Zoom video are equally welcome.
- Stipulations for routine matters.
- Notice of Supplemental Authority, Marking Evidence, Pending Dispositive Motions; Motions for Default Judgment require complete proposed Orders.
- Summary Judgment / Rule 56 Motions must comply with Local Rule 56, which was substantially revised as of June 1, 2023; clarification about cross-motions.
- Motions for Attorneys' Fees must be fully vetted in the meet-and-confer process.
- Courtesy/chambers copies no longer required; please don't send them.
- Ex Parte and TRO Applications: 48 hours to oppose/respond, do not call for status.
- ERISA cases and bankruptcy appeals.
- Voluntary consent to Magistrate Judges.

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND HAS SOME REQUIREMENTS BEYOND THOSE OF THE LOCAL RULES.**

This action has been assigned to Judge André Birotte Jr. Judge Birotte conducts all proceedings in Courtroom 7B of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012.

The responsibility for the progress of litigation in the federal courts falls upon the Court, the parties, and counsel. "[T]o secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, all counsel, including pro se litigants[2], are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure ("Rules" or "Fed. R. Civ. P"), particularly Fed. R. Civ. P. 16 and 26, the Local Rules of the Central District of California ("Local Rules"), and this Court's Order Re: Jury/Court Trial.

The parties should also familiarize themselves with the following:

- The Central District of California's website: https://www.cacd.uscourts.gov
- Judge Birotte's webpage: http://www.cacd.uscourts.gov/honorable-andré-birotte-jr

The purpose of this Standing Order and this Court's Order Re: Civil Jury/Court Trial are not to contradict the Federal Rules or the Local Rules, but instead to call your attention to certain of these Rules, or to establish additional requirements that this Court considers useful.[3] For the benefit of counsel, litigants, the Court, and court staff, the Court has endeavored to keeps its additional requirements to a minimum.

**UNLESS THE COURT ORDERS OTHERWISE,**

**THE FOLLOWING RULES APPLY.**

1. **Service of the Complaint.** The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service

_____

[2] Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

[3] The Local Rules are available on the Court's website, and Judge Birotte's standing orders, including his Order Re: Jury/Court Trial, are available on his webpage.

pursuant to Fed R. Civ. P. 4(l). Any Defendant(s), including "DOE" or fictitiously-named Defendant(s), not served within 90 days after the case is filed must be dismissed pursuant to Fed. R. Civ. P. 4(m).

2. **Removed Actions.** Any Answers filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motions must be re-noticed in accordance with Local Rule 7. If a removed action contains a form pleading, *i.e.*, a pleading in which boxes are checked, the party that filed the form pleading must file in this Court within thirty (30) days of receipt of the Notice of Removal a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

3. **Complaints Must List All Causes of Action on Face-Page.** The face-page of the Complaint must state the title of all of its causes of action in a numbered list below the case number. If the initial Complaint lacks this list, it need not be re-filed, but amended Complaints must include this list.

4. **Appearances In Person or Via Zoom.** Counsel are equally welcome to appear in person or via Zoom video for any *hearings*, as they prefer. There is no need to give the Court notice or to make a request for either kind of appearance; please do not do so. If a video appearance is not possible, Zoom Telephonic appearances are permitted. Judge Birotte's Zoom link and phone-in information are on his webpage.

5. **Lead Counsel Appearance Required.** The Court requires lead counsel to appear for scheduling conferences and the Final Pretrial Conference.

6. **Junior Counsel Participation Encouraged.** To ensure that the next generation of practitioners gets courtroom experience, the Court encourages lead counsel to invite junior counsel to fully participate in Court proceedings, including to argue motions and to examine witnesses at trial. The Court is more likely to hear oral argument if any party files a notice at least 7 days before a scheduled hearing stating that junior counsel will conduct the argument, or most of it.

3

7. **Electronic Filing Requirements.** Pursuant to Fed. R. Civ. P. 5(d)(3), Local Rule 5-4, and General Order 10-07, counsel must electronically file all filings.

8. **Proposed Orders.** A party seeking any court order on any matter **must** include with their filing a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. *See* Local Rules 7-20, 52-4.1. A Proposed Order template is available on Judge Birotte's webpage. Proposed Orders should substantially comply with the template's format. **Proposed Orders must be on pleading paper and must not include attorney information on the caption page, a footer, a watermark, or any text after the lines for the Judge's signature on the last page.**

    a. **Emailing MS Word File of Proposed Orders to Chambers:** A Microsoft Word file of all proposed orders must be emailed to chambers at AB_chambers@cacd.uscourts.gov. *See* Local Rule 5-4.4.2. A pdf file is <u>not</u> acceptable. If the proposed order is based on a stipulation or an ex parte application, counsel must email both the order and the stipulation or ex parte application. Otherwise, accompanying documents (such as motions) should *not* be emailed to chambers.

9. **Stipulations for Routine Matters.** The Court expects parties to work cooperatively and professionally to resolve routine issues, including scheduling disputes and reasonable requests for continuances. The parties should work to avoid motions on such matters. Stipulations to amend pleadings are also encouraged. Stipulations must be supported by good cause, including a declaration explaining the grounds for the request. Any stipulation must also include a Proposed Order. Stipulations are not effective unless and until this Court so orders.

10. **Calendar Conflicts.** If any counsel discovers a calendar conflict with a scheduled appearance, counsel must inform opposing counsel and the Courtroom Deputy Clerk ("CRD") via Chambers email at AB_chambers@cacd.uscourts.gov

as soon as possible and not later than three days before the scheduled appearance. Counsel must attempt to agree on a new date to accommodate the calendar conflict and should propose a new date by Stipulation and Proposed Order.

  **11.**  **Discovery.**  All discovery matters are referred to the United States Magistrate Judge assigned to this case. The Magistrate Judge's initials follow the District Court Judge's initials next to the case number. All documents relating to discovery matters must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.

Counsel must follow the Magistrate Judge's procedures for scheduling matters for hearing. These procedures are stated on each Magistrate Judge's webpage.

The Magistrate Judge's decision is final, subject to modification by the District Court Judge only where the Magistrate Judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Any motion for review of a Magistrate Judge's decision must comply with Local Rule 72-2.1.

  **12.**  **Motions - General Requirements**

    **a.**  **Time for Filing and Hearing Motions:**  Motions must be filed in accordance with Local Rules 6 and 7. Judge Birotte hears civil motions on Fridays beginning at 10:00 a.m. The Friday after any Monday holiday is closed to hearings. Closed motion dates are shown on Judge Birotte's webpage. The parties must adhere to the briefing schedule set forth in Local Rules 7-9 and 7-10, and the schedule herein for motions under Fed. R. Civ. P. 56, so that Chambers has sufficient time to prepare. If a motion is noticed for a date that is not available, the Court may strike or reset the motion. Professional courtesy dictates that the parties should accommodate each other's schedules, including vacation and holiday schedules, whenever possible.

    **b.**  **Local Rule 7-3 Pre-Filing Meet and Confer Requirement:**

Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential

resolution." The Court strictly enforces this rule for all parties, including pro se litigants. This Court also requires parties to meet and confer about *any* potentially disputed matter (except those identified in Local Rules 7-3 and 16-12) before presenting it to the Court, including requests to continue, applications to file under seal, and other filings seeking an order. The purpose of meeting and conferring is to attempt to obviate the need for a contested filing or to narrow the issues the Court must resolve. Parties **must** meet and confer in a good faith attempt to fulfil this purpose. A Notice of Motion **must** include a statement of compliance with Local Rule 7-3. The statement of compliance must be **prominent**, as the Court will not search a filing for the statement. The Court may strike or outright deny a motion that lacks a prominent statement of compliance with Local Rule 7-3, or if counsel fail to meet and confer in good faith.

    **c.** **Length and Format of Motion Papers:** Memoranda of points and authorities in support of or in opposition to motions must not exceed 25 pages. Replies must not exceed 15 pages. Only for good cause will the Court grant an application to extend these page limits. Typeface must comply with Local Rule 11-3.1.1. Times New Roman font must be at least 14 point; Courier font must be at least 12 point. Footnotes must be used sparingly and must be in the same font and the same size as the body of the memorandum. Citations must be in the body of a memorandum, not in the footnotes.

    **d.** **Citations to Cases:** Citations to cases must be in Bluebook format and must include pinpoint citations (citations to page numbers). Counsel may omit parallel citations. For unreported cases, the Court prefers Westlaw citations.

    **e.** **Citations to Other Sources:** Statutes should be cited in accordance with the Bluebook. Statutory references should identify with specificity the sections and subsections referenced (e.g., "Plaintiff alleges that Defendant infringed on his trademark in violation of the Lanham Act, 15 U.S.C. § 1114(a).") Avoid statutory citations that do not specifically indicate the appropriate section and subsection

(e.g., "Plaintiff alleges that Defendant infringed on his trademark in violation of the Lanham Act, 15 U.S.C. §§ 1051, *et. seq.*"). Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

      **f.**    **Notice of Supplemental Authority:** Parties may bring supplemental authority to the Court's attention. Any such notice should *briefly* explain the significance of the supplemental authority.

      **g.**    **Marking Evidence:** Parties must mark evidence they file in connection with *any* motion or other proceeding so that the Court can readily identify the portion the party wants the Court to consider. For example, use brackets in the margins of transcripts to denote the cited portions. For other examples, see section (ii) Supporting Evidence in Summary Judgment, below.

      **h.**    **Oral Argument:** Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court may deem a matter appropriate for decision without oral argument and vacate the hearing. If the Court does so, it will notify the parties in advance.

      **i.**    **Pending Motions:** The Court may continue or take a motion under submission such that the motion is not resolved before the Scheduling Order requires the parties to begin trial preparation. If a ruling on the motion would meaningfully impact trial preparation, to preserve the parties' and the Court's resources, the Court encourages the parties to meet and confer and file a Stipulation and Proposed Order to continue the trial-related dates.

    **13.**    **Specific Motion Requirements**

      **a.**    **Motions Pursuant to Rule 12:** Motions to dismiss or to strike a pleading, claim, or defense can often be avoided if the parties meet and confer in good faith as required by Local Rule 7-3, especially for perceived defects that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party may "amend its pleading once as a matter of course" within

twenty-one (21) days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Even if the time for amending a complaint as a matter of course has run, or if a complaint has already been amended, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(12). This policy favoring amendment should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*. 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require the nonmoving party to evaluate the moving party's contentions as to the deficiencies in the pleading to determine if an amendment would cure the asserted defect. The moving party in turn should agree to any amendment that would cure the defect.

  **b.**  **Motions to Amend:** All motions to amend pleadings must comply with Local Rule 15-1, and must:(1) state the effect of the proposed amendment; (2) be serially numbered to differentiate the amendment from previous amendments; (3) state the page and line number(s) and wording of any proposed change or addition of material; and (4) include as an attachment a redlined version of the proposed amended pleading indicating all additions and deletions of material.

  **c.**  **Motions for Default Judgment Under Rule 55(b):** Motions for default judgment under Fed. R. Civ. P. 55(b) must be supported by evidence and must be accompanied by a full proposed Order addressing the procedural requirements of Local Rule 55-1 and the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Motions omitting any of these will be denied.

  **d.**  **Summary Judgment / Rule 56 Motions: Summary Judgment/ Rule 56 Motions must comply with Local Rule 56, which was substantially revised on June 1, 2023.**

No party may, without leave of Court, file more than one motion under Fed. R. Civ. P. 56, regardless of whether such motion is denominated a motion for

summary judgment or for summary adjudication. If a party believes there is good cause to file more than one summary judgment motion, the party must seek leave to do so by a noticed motion.

Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment.

**This Court requires an extended briefing schedule for motions under Fed. R. Civ. P. 56, as follows:**

- **Any Motion Under Fed. R. Civ. P. 56:** must be **filed at least 5 weeks before the noticed hearing date.**
- **Opposition:** must be **filed 3 weeks before hearing date** (2 weeks after the motion is filed).
- **Reply:** must be **filed 2 weeks before hearing date** (1 week after the opposition is filed).

The above briefing schedule is the default minimum. The parties may stipulate to an extended schedule. Any briefing schedule must provide at least two weeks between the reply deadline and the hearing date.

Parties wishing to cross-move for summary judgment should *not* file two separate motions (6 briefs plus fact statements). This is to avoid overburdening the Court with two sets of probably overlapping but conflicting briefs, fact statements, and evidence. Rather, the parties should consider whether the issues can be adequately addressed in 3 briefs, and determine who should be the moving party. If a 3-brief approach is not sufficient, the parties should instead file 4 briefs consisting of (1) a motion (25-page memorandum), (2) an opposition and cross-motion (30-40 page memorandum), (3) a reply and opposition (25-30 page memorandum), and (4) a reply (15 page memorandum). Counsel must meet and confer to determine which party will file the initial motion and which will file the opposition/cross-motion. Parties should stipulate to an extended briefing schedule and extended page limits (possible limits set forth above). The Court expects the

parties to cooperate and agree on an appropriate briefing schedule, but they may seek Court intervention if necessary. The Court may sua sponte enter summary judgment as provided in Fed. R. Civ. P. 56(f).

Because summary judgment motions are fact and evidence intensive, parties should prepare papers in a user-friendly fashion that will aid the Court's review of the material (e.g., PDFs of exhibits bookmarked, tables of contents, headings, indices, etc.). The Court will deem facts admitted in accordance with Local Rule 56-4.

### i. **Statement of Uncontroverted Facts, and Statement of Genuine Disputes, and Response to Statement of Genuine Issues**

**Local Rule 56 was substantially revised on June 1, 2023 to require as follows:** A party moving under Fed. R. Civ. P. 56 must file with the motion a Statement of Uncontroverted Facts, the opposing party must file a Statement of Genuine Disputes, and the moving party must file a Response to Statement of Genuine Disputes. The parties **MUST** file these documents, and the documents **MUST** comply with the format set forth in Local Rule 56. The Court may disregard non-compliant filings.

The opposing party may submit additional material facts that bear on the issues raised by the movant. The additional facts, and the moving parties' response, must follow the format set forth in Local Rule 56, and must continue in sequentially numbered paragraphs.

The opposing party may dispute all or only a portion of a factual statement. No party should purport to dispute immaterial portions of factual statements.

The Court may disregard purported disputes that are not clearly stated or that otherwise violate the Local Rules or this Order.

The parties' memoranda should generally cite the Statements, and not the underlying evidence.

Do not include legal argument in any of these Statements. For how to handle evidentiary objections, see below.

    **ii.   Supporting Evidence**

A party must file only the specific evidence necessary to support or controvert a proposed undisputed fact. Counsel **must** use brackets to mark the relevant portions of transcripts. The Court will disregard unmarked transcripts. Counsel must also mark the relevant portions of other documentary evidence (e.g., a lengthy contract) when the relevant portion is not obvious. Use common sense when deciding whether it's necessary to mark an exhibit. Entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement must not be filed. The Court will disregard such material.

Evidence must be filed either by stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and must not be attached to the memorandum. The Court will accept counsel's authentication of deposition transcripts, written discovery responses, and documents received in discovery if the fact that the document was in the opponent's possession is of independent significance.

    **iii.   Objections to Evidence**

If a party disputes a fact based on an evidentiary objection *that cannot be overcome* the *ground* the objection should be stated in the separate Statement but not *argued* in that document. The ground must be *argued* in a separate document.

Do not submit blanket or boilerplate objections to an opponent's evidence. They will be disregarded. Likewise, avoid evidentiary objections that an opponent can overcome at trial.

    **d.   Motions for Attorneys' Fees:** Before filing a motion for attorneys' fees, counsel must meet and confer thoroughly pursuant to Local Rule 7-3 to attempt in good faith to agree on the reasonable amount of fees and expenses

11

to be awarded (if the Court decides to award fees). The party seeking fees must support their request by disclosing their time and expense records during the meet and confer process and should not withhold them until a motion is filed. The opposing party should not make unreasonable objections. The parties must discuss each and every entry to which there is an objection and attempt to resolve the objection. The Court reminds the parties that a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). If the Court concludes that any fee motion is insufficiently vetted by the parties, the Court may strike the motion and impose certain additional requirements on both parties before the motion may be refiled, or the Court may refer the matter to a special master at the parties' expense.

      **14.**   **Proposed Protective Orders and Filings Under Seal.** Proposed protective orders pertaining to discovery must be submitted to the assigned Magistrate Judge. Protective orders must not purport to allow any matters to be filed under seal in connection with dispositive motions (including a class certification motion) or trial without further Court order. The existence of a protective order does not alone authorize the filing of pleadings or other documents under seal, in in whole or in part.

      **15.**   **Filings Under Seal.** Local Rule 79-5 governs applications to file under seal. Parties must comply with all sections of Local Rule 79-5. The parties must also meet and confer before filing an application to seal.

Parties must make every effort to limit the number and volume of under seal filings. There is a strong presumption of access in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information a party seeks to file under seal, the party must identify and discuss the factual and/or legal justification that establishes "good cause" or "compelling reasons" for the matter should be protected. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Documents that are not confidential or privileged in their entirety must not be filed under seal in their entirety if the confidential portions can be redacted with a reasonable amount of effort. The parties must file a complete version of such documents under seal, and a redacted version for public viewing, redacting only the portions that the Court has ordered may be filed under seal.

Sealing must be justified for *each individual item*; an application making blanket claims of confidentiality will be denied. Counsel is strongly encouraged to consider carefully whether sealing or redaction is required for a given piece of evidence or argument. The parties must minimize the materials they seek to file under seal. <u>An application to seal that includes clearly meritless requests to seal or redact documents may be denied in its entirety.</u> The Court will not expend its limited resources on overbroad requests to seal.

**16.    Chambers/Courtesy Copies NOT REQUIRED.**  Please **DO NOT** provide chambers/courtesy copies. The Court no longer uses them. They will be discarded. In the rare instance in which the Court would like chambers copies for a particular situation, the Court will issue an order requesting them. In the absence of such an order DO NOT provide chambers copies of anything. *Lodged* items should be placed in Judge Birotte's box outside of the Clerk's Office on the 4th Floor of the First Street Courthouse.

**17.    Ex Parte Applications.**  Ex parte applications are solely for extraordinary relief. *See Mission Power Engineering Co. v. Continental Casualty Co.* 883 F. Supp. 488 (C.D. Cal. 1995). Sanctions may be imposed for misuse of ex parte applications.

Applications that do not conform with Local Rules 7-19 and 7-19.1, **such as by omitting a statement of opposing counsel's position,** will not be considered. Service must be made in compliance with Local Rule 5-3, and the moving party must also serve the nonmoving party by email, fax, or personal service. Any opposition must be filed within 48 hours (2 court days) after service. The moving

party must notify the nonmoving party that opposing papers are due 48 hours (2 court days) after service. If the nonmoving party does not intend to oppose the ex parte application, counsel must inform the CRD by telephone. The Court usually resolves ex parte applications on the papers and does not set a hearing. If the Court determines a hearing is necessary, the CRD will notify counsel of a hearing date and time. Absent leave of Court, the Court will not consider reply papers in support of an ex parte application. Do not call the CRD for status of an ex parte application.

**18. Injunctions and Temporary Restraining Orders.** Parties seeking preliminary or emergency injunctive relief must comply with Fed. R. Civ. P. 65 and Local Rule 65. Applications for a Temporary Restraining Order ("TRO") are also governed by Local Rule 7-19 and the paragraph above, which apply to ex parte applications. Oppositions to Applications for a TRO must be filed within 48 hours (2 court days) following service of the Application. The Court will not rule on any Application for a TRO for at least 48 hours (2 court days) after the party subject to the requested order has been served, unless notice is excused as per Fed. R. Civ. P. 65(b), or unless the interests of justice so requires. As with other ex parte applications, replies are not permitted without leave of Court, and do not call the CRD for status.

**19. ERISA Cases.** Claims to recover benefits under ERISA will be resolved by a court trial (usually confined to briefing and possible oral argument) on the administrative record. Absent an agreed upon statement of facts, the court will not hear motions for summary judgment. However, the Court will hear motions to determine the standard of review and the scope of the administrative record. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999).

**20. Bankruptcy Appeals.** Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief. No oral argument is held unless the Court orders otherwise.

21. **Voluntary Consent to Magistrate Judges.** The parties may consent to have a United States Magistrate Judge preside over the entire case, including trial. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73. The parties may select any magistrate judge available for this purpose, not just the magistrate judge assigned to this case. (Please consult the court's website for the list of magistrate judges available for consent cases.)

22. **Communications with Chambers.** Counsel *must not* attempt to contact the Court or Chambers staff by email, telephone, or by any other ex parte means. Counsel *may*, for appropriate matters only, contact the CRD via Chambers email at AB_chambers@cacd.uscourts.gov or by telephone at (213)-894-2833. Counsel must not contact the CRD regarding the status of any matter before the the Court. Counsel must include on all papers their email address, telephone number, and fax number to facilitate communication with the CRD.

23. **Order Setting Scheduling Conference.** Pursuant to Fed. R. Civ. P. 16(b) and 26(f), the Court will issue an Order setting a Scheduling Conference. The parties must strictly comply with the Order, Fed. R. Civ. P. 16 and 26, and Local Rule 26. The Court suggests as a default that the parties propose a trial date about 18 months after the filing of the complaint, but a longer timeframe may be appropriate for some cases.

24. **Settlement Conference / Alternative Dispute Resolution (ADR).** As stated in Local Rule 16-15, the parties in every case must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. **The Court will not hold a final pretrial conference or convene any trial unless and until all parties, including the principals of all corporate parties, have completed ADR.**

This Court participates in the Court-Directed ADR Program whereby the Court refers the parties to a magistrate judge, the Court Mediation Panel, or to private mediation. *See* General Order 11-10, §5.1. If a Notice to Parties of Court-Directed ADR Program (ADR-08) has been filed in this case, counsel must furnish

and discuss it with their clients in preparation for the Fed. R. Civ. P. 26(f) conference. In their Joint Rule 26(f) Report, counsel should indicate their preferred ADR procedure. The Court will refer the case to a procedure at the initial scheduling conference. More information about the Court's ADR Program, the Mediation Panel, and mediator profiles is available on the Court's website.

**25.    Standing Orders and Templates Available on the Court's Webpage.**

The Court's Standing Order, Order Setting Scheduling Conference, Schedule of Pretrial and Trial Dates Worksheet, Order Re: Jury/Court Trial, and templates for Proposed Orders and the Proposed Final Pretrial Conference Order and certain trial filings are available on Judge Birotte's webpage. If the Court has provided a template for any filing, the parties must follow it.

**26.    Notice of this Order.**  Counsel for plaintiff (or plaintiff, if appearing pro se) must immediately serve this Order on all parties, including any new parties to the action. If this case was removed to this Court from state court, the removing defendant(s) must serve this Order on all other parties.

**IT IS SO ORDERED.**

DATED: October 3, 2024

　　　　　　　　　　　　　　　　　HONORABLE ANDRÉ BIROTTE JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE