HOWARD KING, ESQ., STATE BAR NO. 77012
HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
KING, HOLMES, PATERNO & SORIANO, LLP
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989

Attorneys for Plaintiff
WESLEY EISOLD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY EISOLD, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>CODY GARRETT RUNNELS, an individual; WORLD WRESTLING ENTERTAINMENT, LLC, a Delaware limited liability company; and FANATICS, LLC. a Delaware corporation,<br><br>             Defendants. | Case No. 2:24-cv-07516-AB (MARx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **BREACH OF CONTRACT;**<br>(2) **INDUCING BREACH OF CONTRACT;**<br>(3) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>(4) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**<br>(5) **CALIFORNIA TRADEMARK INFRINGEMENT [CALIFORNIA BUSINESS & PROFESSIONAL CODE SECTION § 17200 ET SEQ., CALIFORNIA COMMON LAW]**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4572.061/3002732.1

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Wesley Eisold alleges:

## **PRELIMINARY STATEMENT**

1.      This is an action for federal and state trademark infringement under the Lanham Act, 15 U.S.C. § 1141, California Business & Professional Code section 17200 et seq., and California common law as well as for substantial and related claims for breach of contract, inducing breach of contract, and interference with contractual relations under California law.

2.      Wesley Eisold is the lead singer of the renowned punk rock band American Nightmare. Eisold holds the registered trademark "American Nightmare" in pre-recorded music, clothing and apparel, and entertainment services ("Eisold Mark"). Eisold sells counterculture-style clothes and merchandise often featuring the words "American Nightmare," a logo of a black-and-white winged angel of death, the American flag's stars and stripes, or a logo of a stars-and-stripes shield with wing-like baseball bats ("Eisold Shield Logo").

3.      Defendant Cody Garrett Runnels, professionally known as Cody Rhodes, is a world-famous wrestling "Superstar" of Defendant World Wrestling Entertainment, LLC. Runnels promotes himself as "The American Nightmare."

4.      Runnels attempted to register the trademark "The American Nightmare" ("Runnels Mark"), which Eisold opposed. The two then entered into a settlement agreement. Eisold allowed Runnels to use (but not register) the Runnels Mark in clothing and apparel on the express condition that the only clothes and apparel that Runnels was allowed to sell had to prominently feature Runnels' name, Runnels' name and likeness, or significant indicia of wrestling—which must be 75% or larger than the Runnels Mark.

5.      Runnels, WWE, and Defendant Fanatics, LLC ("Fanatics") sell clothes that blatantly violate the express conditions in the settlement agreement and Eisold's trademark ("Runnels clothes.") The Runnels clothes are brandished with the words "American Nightmare" but do not include Runnels' name, his name, likeness, or

1  indicia of wrestling (or do so in puny fashion). The counterculture-style clothes

2  often feature a winged skull embossed with the stars and stripes ("Runnels Logo"), a

3  black-and-white winged skull, or various representations of the U.S. flag.

4      6.      Widespread confusion about Runnels' use of the Eisold Mark persists

5  among WWE fans and Runnels' fans. Legions of American Nightmare fans ask

6  Eisold if he endorses Runnels or the wrestler's use of the Eisold Mark and his

7  image. Eisold's fans frequently buy the Runnels clothes by accident, Runnels' fans

8  regularly buy the Eisold clothes by mistake, and fans of both inadvertently make and

9  purchase apparel that mix references to both the band and to Runnels.

10     7.      Eisold thus seeks damages and injunctive relief.

11                          **JURISDICTION**

12     8.      This Court has subject matter jurisdiction over the federal question

13 claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

14     9.      Eisold's state law claims and federal question claims are related and

15 arise from the same case or controversy. So, this Court has supplemental jurisdiction

16 over the state law claims under 28 U.S.C. § 1338(b) and § 1367(a).

17                            **VENUE**

18     10.     Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a

19 substantial part of the events or omissions giving rise to Eisold's claims occurred in

20 this judicial district and a substantial part of the property that is subject of the action

21 is situated in this judicial district.

22     11.     Should this Court decide that venue is not satisfied under 28 U.S.C.

23 § 1391(b)(1) and (b)(2), venue is proper under 28 U.S.C. § 1391(b)(3) because

24 Defendants are subject to this Court's personal jurisdiction in this judicial district.

25                            **PARTIES**

26     12.     Plaintiff Wesley Eisold is an individual who resides in Los Angeles,

27 California.

28 ///

13.     On information and belief, Defendant Cody Garrett Runnels is an individual who resides in Fulton County, Georgia.

14.     On information and belief, Defendant World Wrestling Entertainment, LLC is a limited liability corporation formed under the laws of Connecticut and has its principal place of business at 707 Washington Blvd., Stamford, CT 06901.

15.     On information and belief, Defendant Fanatics, LLC is a limited liability company formed under the laws of Delaware and has its principal place of business at 95 Morton St, 4/F, New York, NY 10014.

## FACTS

**A. In 1999, musician Wesley Eisold co-founded American Nightmare, the critically acclaimed punk rock band.**

16.     Plaintiff Wesley Eisold is a musician known for his contributions to the punk rock, hardcore punk, emo, synthpop, darkwave, and EDM genres.

17.     About 1999, Eisold co-founded the critically acclaimed punk rock band, American Nightmare. Eisold has always been the lead vocalist and frontman of the band.

18.     For the past 20 years, American Nightmare and Eisold have had an indelible impact on the punk rock genre, and Eisold has been an accomplished co-writer of other artists.

19.     American Nightmare rehearses; records its music; and maintains its instruments, recording equipment, and concert equipment in Los Angeles. The band's booking agent, United Talent Agency, is also in Los Angeles.

**B. Wesley Eisold owns the trademark "American Nightmare" in clothing and apparel, entertainment services, and pre-recorded media.**

20.     Eisold is the owner of the valid and subsisting trademark consisting of the word "American Nightmare" ("Eisold Mark").

21.     On November 29, 2016, Eisold registered the Eisold Mark with the U.S. Patent and Trademark Office ("USPTO").

22.     The Eisold Mark's U.S. Trademark Registration No. is 5,089,055 on the Principal Register in the USPTO. Eisold owns the mark in pre-recorded media (class 9), clothing and apparel (class 25), and entertainment services (class 41).

23.     The Eisold Mark has attained incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

24.     A true and correct copy of the registration certificate and an image of the Eisold Mark are attached as Exhibit 1.

**C. Eisold sells counterculture clothes and merchandise featuring the words "American Nightmare," a black-and-white winged angel of death, the American flag's stars and stripes, and a stars-and-stripes shield with wing-like baseball bats.**

25.     Eisold has continuously used the Eisold Mark in commerce throughout the United States (including in California) and internationally since American Nightmare's inception in 1999.

26.     Eisold's use of the mark is connected to the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of clothes and apparel—including t-shirts, hoodies, crewnecks, and buttons—featuring the Eisold Mark ("Eisold clothes").

27.     The Eisold Mark is highly distinctive to the consuming public and Eisold's trade and is strong both conceptually and commercially.

28.     The Eisold clothes feature the Eisold Mark (i.e., the words "American Nightmare") and common motifs. Frequently used images include a logo composed of a black-and-white angel of death with two large white wings ("Eisold Angel Logo"), the stars and stripes of the American flag, and a logo consisting of a stars-and-stripes shield interposed on two baseball bats forming an "X," emulating wings ("Eisold Shield Logo").

29.     Beyond the Eisold clothes, his other merchandise also combine these recurring tropes. As examples, one of American Nightmare's EPs, *Year One*,

features the Eisold Angel Logo superimposed on the stars and stripes. The band's vinyl releases of its 2000 studio album *American Nightmare* feature the text "American Nightmare" superimposed on the American flag. An American Nightmare poster from 2000 features a skull wearing an "Uncle Sam" American flag-styled hat. Versions of the band's EP *The Sun Isn't Getting Any Brighter* feature the Eisold Angel Logo in red, white, or blue, mirroring the American flag. And the band's 1999 album *4 Song Demo* features the Eisold Shield Logo as well as the text "American Nightmare."

30.    Pictures of representative samples of the Eisold clothes and merchandise featuring the Eisold Mark, Eisold Angel Logo, and Eisold Shield Logo are attached as Exhibit 2.

31.    Eisold makes tens of thousands of dollars every month from his use of the Eisold Mark.

32.    Eisold manufactures the Eisold clothes in Los Angeles.

33.    Eisold has spent substantial time, money, and resources marketing, advertising, and promoting the Eisold clothes.

34.    Eisold and American Nightmare have continuously performed concerts around California, the rest of the United States, and internationally since 1999. They have staged and performed at concerts as recently as 2023, including concerts in Santa Ana, Los Angeles, and San Francisco. Eisold and American Nightmare have consistently sold the Eisold clothes at their concert venues and on the American Nightmare website.

35.    Eisold distributes and sells the Eisold clothes through licensees and authorized distributors.

36.    Hot Topic is one of those authorized distributors. Hot Topic is a widely known retail store that sells counterculture clothes and merchandise, often associated with punk music and fashion. Hot Topic has locations throughout California, including in Los Angeles, and runs an e-commerce store that delivers

goods throughout the United States.

37.     Hot Topic, for example, sells t-shirts featuring the Eisold Mark online.

38.     Eisold offers and sells the Eisold clothes to fans of American Nightmare and, more generally, persons who love counterculture and punk rock clothes.

39.     As a result of Eisold's widespread, continuous, and exclusive use of the Eisold Mark, Eisold owns a valid and subsisting federal statutory and common law rights to the Eisold Mark.

40.     As a result of Eisold's expenditure and efforts, the Eisold mark signifies the high quality of the Eisold clothes designated by the Eisold Mark and has acquired distinction, reputation, and goodwill belonging exclusively to Eisold.

**D. Defendant Cody Runnels is a world-famous World Wrestling Entertainment (WWE) "Superstar" who promotes himself as "The American Nightmare."**

41.     World Wrestling Entertainment, LLC is a media and entertainment company that revolves around "professional wrestling." WWE produces and promotes live wrestling matches and distributes videos of these matches internationally via television and online.

42.     WWE is popular throughout the world, including in California. WWE frequently hosts wrestling matches and other events in California.

43.     In 2022, WWE netted close to $1.3 million from selling commercial products, including clothes.[1]

44.     WWE "primarily" credits its success to "the continuing popularity of our Superstars."[2]

---

[1] *Licensing*, W, https://corporate.wwe.com/what-we-do/consumer-products/licensing (last visited Aug. 19, 2024) [https://perma.cc/HNL2-SH8U];*WWE® Reports Record Full Year 2022 Results*, W (Feb. 2, 2023), https://corporate.wwe.com/investors/news/press-releases/2023/02-02-2023-210607072 [https://perma.cc/H59T-2YBK].

[2] *Licensing*, *supra* note 1.

45.     Defendant Cody Runnels is by far the most prominent of the two hundred and fifty WWE Superstars.

46.     Runnels wrestles under the pseudonym "Cody Rhodes" and stage name "The American Nightmare." This moniker is an ode to Runnels' father, Dusty Rhodes, who went by "The American Dream."

47.     He is the reigning "Undisputed WWE Champion"—WWE's most competitive and infamous championship. Tellingly, Runnels is the top listed Superstar on the "Champions" page on the WWE website.[3]

48.     Music and clothes associated with counterculture, including punk rock, are central to Runnels' "The American Nightmare" persona. For example, the song *Kingdom* by the band Downstait, which draws heavily on both punk rock and rock n' roll, plays as Runnels' walk-on song and when he triumphs over his opponents in the arena.

49.     Runnels regularly wrestles at WWE events in California. Runnels, for example, recently fought Shinsuke Nakamura in WWE "street fights" in Los Angeles in January 2024 and in Fresno in February 2024.

50.     WWE widely publicizes Runnels' wrestling matches in California and actively targets California residents with its advertising.

**E. Defendants WWE and Fanatics, LLC sell Runnels merchandise on the WWE Shop and Fanatics.com.**

51.     Fanatics, LLC ("Fanatics") promotes itself as "global digital sports platform" and has several loosely organized subsidiaries, sibling businesses, and parent companies.

52.     Fanatics runs and is the proprietor of the e-commerce site, Fanatics.com.

53.     WWE Shop is WWE's official e-commerce site. It retails merchandise

---

[3] *W Superstars*, W, https://www.wwe.com/superstars (last visited Aug. 19, 2024) [https://perma.cc/6PDJ-ETVK].

1  featuring the names, likenesses, and nicknames of the company's Superstars.

2       54.    The WWE Shop labels itself as a "Fanatics Experience." On

3  information and belief, the WWE Shop is co-run by or licensed to Fanatics.

4       55.    Both e-commerce sites sell WWE merchandise, including clothes.

5       56.    Fanatics.com targets California residents by selling clothes featuring

6  the names and logos of California sports teams. Fanatics and its subsidiaries

7  (including Lids) have retail locations throughout California.

8    **F.  Runnels sought to trademark "The American Nightmare" in**

9        **entertainment services, which Eisold legally opposed.**

10       57.    On March 10, 2019, Runnels filed application serial no. 88/333,305

11  with the USPTO, seeking to register the trademark consisting of the word "The

12  American Nightmare" ("Runnels Mark") in class 41.

13       58.    Runnels' application and a picture of the Runnels Mark are attached as

14  Exhibit 3.

15       59.    Eisold scrupulously enforced and protected the Eisold Mark against

16  Runnels' infringement.

17       60.    Eisold objected to and timely filed his opposition to Runnels'

18  application in the Trademark Trial and Appeal Board ("TTAB") of the USPTO on

19  August 21, 2019.

20       61.    Eisold's opposition was assigned to TTAB proceeding no. 91250336.

21  In that proceeding, Runnels counterclaimed, seeking to cancel the Eisold Mark.

22    **G. Eisold and Runnels settled, allowing the wrestler to use "The American**

23       **Nightmare" on clothes so long as they prominently feature Runnels'**

24       **name, his name and likeness, or substantial indicia associated with**

25       **wrestling.**

26       62.    On March 14, 2021, Eisold and Runnels entered into a settlement

27  agreement.

28       63.    A copy of the settlement agreement is attached as Exhibit 4.

64.    Eisold signed the agreement in California, and Runnels signed in Ohio.

65.    In section 1(a) of the agreement, Eisold consented to Runnels' registration of "The American Nightmare" in connection solely with class 41, i.e., entertainment services.

66.    In section 1(b), Eisold allowed Runnels to use (but not register) the Runnels Mark in connection with clothing and apparel in class 25 on the condition that the clothes feature—75% bigger than the Runnels Mark—Runnels' name, Runnels' name and likeness, or substantial indicia associated with wrestling.

67.    In section 2, Runnels agreed to pay Eisold $30,000.

68.    In section 4(a), Eisold and Runnels agreed to withdrew their filings in the TTAB proceedings.

69.    Section 4(b) states that the parties will reasonably cooperate to prevent reoccurrences of any confusion resulting from their concurrent use of the two marks.

70.    Section 4(c) provides that "no Party shall assist any third party in taking any action, or cause or request any third party to take any action, that the Party is prohibited from taking under this Agreement."

71.    Section 7(c) bound to the agreement the parties' principals, owners, successors, assigns, licensees, affiliates, and others acting by or through them, under their direction, or in privity with them.

72.    Runnels and Eisold have not entered into an agreement superseding the settlement agreement, and no one repudiated the agreement before performance was due.

**H. Eisold has performed his obligations under the settlement agreement.**

73.    Eisold has fully performed his obligations under the settlement agreement. He has also performed all conditions precedent that the agreement requires him to perform.

74.    Specifically, Eisold has performed his duties under sections 1, 4, and 7 and other provisions in the settlement agreement. Eisold has allowed Runnels to

register the Runnels Mark in class 41 and to use the Runnels Mark in class 25. Eisold has withdrawn his filings in the TTAB proceeding. And, as laid out below, Eisold has attempted to reasonably cooperate with Runnels to prevent confusion over their concurrent use of the two marks.

## I. Defendants sell clothes that violate the settlement agreement.

75.    Eisold received a fan inquiry in early 2022 (within one year of the execution of the settlement agreement) about one of Runnels clothes—a t-shirt—that Defendants were selling online.

76.    The shirt prominently features the Eisold Mark and a stars-and-stripes winged skull sporting a crown; a tiny WWE logo is featured on the left sleeve ("Runnels Crown T-shirt").

77.    A picture of the Runnels Crown T-shirt is attached as Exhibit 5.

78.    At this point, Eisold discovered that Runnels, WWE Shop, and Fanatics manufacture, produce, market, distribute, and sell a vast array of clothes that nakedly violate the 2021 settlement agreement.

79.    The infringing clothes ("Runnels clothes") brandish the text "American Nightmare." Like the Runnels Crown T-shirt, the other Runnels clothes do not feature Runnels' name, his name and likeness, or substantial indicia associated with wrestling, or do so in a de minimis manner.

80.    So, Runnels has not performed his obligations and conditions precedent under sections 1, 4, 7 and other provisions of the settlement agreement.

81.    On information and belief, Runnels has entered into a licensing agreement or has otherwise allowed WWE and Fanatics to manufacture, produce, market, distribute, and sell the Runnels clothes.

82.    On information and belief, Defendants knew about and were familiar with the Eisold Mark and the settlement agreement when they began designing, manufacturing, distributing, marketing, promoting, and selling the Eisold clothes.

///

83.    On information and belief, WWE and Fanatics intentionally caused Runnels to breach the settlement agreement.

**J.  Defendants violate Eisold's trademark, and confusion has erupted over Defendants' use of the mark on the clothes that they retail.**

84.    The Runnels clothes are counterculture or punk styled and often feature a winged skull embossed with the stars and stripes ("Runnels Logo"), a black-and-white winged skull, or various representations of the American flag.

85.    Pictures of the Runnels clothes are attached as Exhibit 6.

86.    Fans of WWE and wrestling continue to frequently tag the American Nightmare in Facebook and social media posts. Some fans who have tagged both Runnels and the band in posts have asked if Eisold and American Nightmare approve of the Runnels clothes.

87.    To date, fans of both Runnels and American Nightmare purchase the Runnels clothes. Fans attending American Nightmare concerts and other events— including in California and specifically this judicial district—wear both the Runnels clothes and the Eisold clothes.

88.    Fans of Runnels and Eisold commonly make, buy, and wear clothes that mix Eisold Mark, the Runnels Mark, the Eisold Angel Logo, the Eisold Shield Logo, the Runnels Logo, and references to both parties.

89.    For example, one fan posted on Instagram a picture of him wearing a muscle shirt brandishing the Eisold Angel Logo and the text "American Dream"—a reference to Runnels and his father.

90.    A picture of the Instagram post and another post depicting a confused Runnels fan are attached as Exhibit 7.

91.    American Nightmare fans continue to reach out to Eisold about whether he endorses Runnels or the wrestler's use of the Eisold Mark and his image.

92.    On information and belief, Defendants have manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold the Runnels

clothes using the Eisold Mark.

93.    Defendants sell the Runnels clothes to fans of the wrestler and WWE as well as consumers of counterculture and punk rock apparel more generally.

94.    Eisold and Defendants use identical marketing channels to sell their clothes. Almost all (if not all) retailers selling the parties' merchandise advertise online. Searching "American Nightmare merchandise," "American Nightmare clothing," or "American Nightmare shirts" on Google and other search engines yields links to similar looking clothes and apparel sold by Eisold and Defendants.

95.    The Runnels clothes are sold in California, including in Los Angeles, at retail locations and interactive e-commerce pages. The clothes are sold on Runnels' Instagram page, the WWE Shop, and Fanatics.com.

96.    WWE and Fanatics are proprietors of websites, including WWE Store and Fanatics.com, that facilitate, are involved in, and control the manufacturing and sales of the Runnels clothes.

97.    Defendants also sell merchandise (including the Runnels clothes) in California (including in Los Angeles), at third-party stores, subsidiary retailers and e-commerce sites. These include Hot Topic, The Wrestling Guy Store, Chalk Line, Wal-Mart, Amazon, Target, and Tik Tok Shop.

98.    Hot Topic is an official distributor of the Runnels clothes and other WWE merchandise. As stated above, the company also officially distributes the Eisold clothes.

99.    The Wrestling Guy is a store in Los Angeles that officially distributes Runnels and WWE merchandise.

100.    Chalk Line, Wal-Mart, Amazon, Target, and Tik Tok Shop all advertise, distribute, and sell clothes (including the Runnels clothes) in California, including in Los Angeles.

101.    In other words, each Defendant, in their regular course of business, advertises, distributes, and sells clothes (including the Runnels clothes) throughout

California, including in this judicial district, via the aforementioned official, third-party, and subsidiary retailers and e-commerce sites.

102.    Defendants' sale of the Runnels clothes directly competes with the Eisold clothes, which are complementary and proximate goods in the same industry. On information and belief, Eisold and Defendants are business competitors that maintain concrete containment plans in shared geographical regions, including in this judicial district, the rest of the United States, and Europe.

**K. Runnels, WWE, and Fanatics have ignored Eisold's repeated notices of their unlawful conduct.**

103.    Eisold has diligently informed Defendants of Runnels' infringement of the settlement agreement, WWE's and Fanatics' inducement of Runnels' breach of the agreement, interference of contractual relations between Runnels and Eisold, and Defendants' trademark infringement.

104.    On April 15, 2022, Eisold's prior counsel notified Runnels' counsel that Defendants were selling the infringing Runnels Crown T-shirt.

105.    Runnels' counsel never responded to the April 15, 2022 email.

106.    On April 18, 2024, Eisold's counsel sent a cease and desist letter to Michael Rubin, the Chief Executive Officer of Fanatics. The letter notified Fanatics of its unlawful conduct.

107.    On May 21, 2024, Eisold's counsel sent a cease and desist letter to Runnels. The letter advised Runnels that he unlawfully uses the Runnels Mark.

108.    On May 31, 2024, counsel for WWE sent a letter to Eisold's counsel, stating that Fanatics had referred the dispute to WWE.

109.    To date, Eisold has received no other correspondence from Defendants.

110.    Defendants have not complied with the demands set out in Eisold's cease and desist letters. Defendants continue to sell the Runnels clothes and no evidence exists that they have endeavored to stop doing so. Defendants continue to violate the terms of the settlement agreement.

111.  On information and belief, Defendants' have acted willfully and have deliberately intended to trade on Eisold's goodwill.

112.  Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Eisold and to the Eisold Mark's valuable reputation and goodwill with the consuming public, for which Eisold has no adequate remedy at law.

## LEGAL CLAIMS

### COUNT I

### BREACH OF CONTRACT

### (*By Eisold against Runnels*)

113.  Eisold realleges and incorporates paragraphs 1 through 112.

114.  Eisold and Runnels entered into a valid, enforceable, and binding written contract.

115.  The settlement agreement is a valid and enforceable written contract.

116.  Eisold has performed all obligations and conditions precedent required by the settlement agreement.

117.  Runnels has not performed all obligations and conditions precedent required by the settlement agreement.

118.  Runnels has materially and substantially breached the contract.

119.  Eisold was harmed.

120.  As a result of Runnels' breach, Eisold has suffered general damages of at least $150,000. *See* Cal. Civ. Proc. Code § 425.10(a)(2).

121.  The general damages flow directly from and are the natural and probable consequences of Runnels' breach.

122.  Eisold is entitled to collect attorney fees under section 7(h) of the settlement agreement and because Runnels has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

///

## COUNT II

### INDUCING BREACH OF CONTRACT

#### (*By Eisold against WWE and Fanatics*)

123.   Eisold realleges and incorporates paragraphs 1 through 122.

124.   The settlement agreement is a valid and enforceable written contract between Eisold and Runnels.

125.   WWE and Fanatics knew of the settlement agreement.

126.   WWE and Fanatics intentionally caused Runnels to breach his contract with Eisold.

127.   Eisold was harmed.

128.   WWE's and Fanatics' conduct substantially caused Eisold's harm.

129.   WWE and Fanatics have maliciously and intentionally acted to induce a breach of the contractual relationship between Eisold and Runnels.

130.   Eisold has no adequate remedy at law.

131.   Eisold is entitled to collect attorney fees under section 7(h) of the settlement agreement and because WWE and Fanatics have acted in bad faith, vexatiously, wantonly, and for oppressive reasons.

## COUNT III

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

#### (*By Eisold against WWE and Fanatics*)

132.   Eisold realleges and incorporates paragraphs 1 through 131.

133.   The settlement agreement is a valid and enforceable written contract.

134.   WWE and Fanatics knew about the settlement agreement.

135.   WWE and Fanatics intended to prevent, hinder, render more expensive, and made more difficult the performance of the settlement agreement, and they were certain or substantially certain that this would occur.

136.   Eisold was harmed.

///

137.    WWE's and Fanatics' conduct substantially caused Eisold's harm.

138.    WWE and Fanatics acted maliciously and intentionally to interfere with the contractual relationship between Eisold and Runnels.

139.    Eisold has no adequate remedy at law.

140.    Eisold is entitled to collect attorney fees under section 7(h) of the settlement agreement and because WWE and Fanatics have acted in bad faith, vexatiously, wantonly, and for oppressive reasons

## COUNT IV

## FEDERAL TRADEMARK INFRINGEMENT

## 15 U.S.C. § 1114

### (*Eisold against all Defendants*)

141.    Eisold realleges and incorporates paragraphs 1 through 140.

142.    Eisold owns the federally registered Eisold Mark in connection with clothes and apparel (class 25).

143.    Defendants' unauthorized use in commerce of the infringing mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Runnels clothes.

144.    Defendants' conduct is likely to cause consumers to believe, contrary to reality, that the Runnels clothes are sold, authorized, endorsed, or sponsored by Eisold or that Defendants are in some way affiliated with or sponsored by Eisold.

145.    Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

146.    On information and belief, Defendants have, with full knowledge of Runnels' prior rights in the Eisold Mark and have willfully intended to cause confusion and trade on Eisold's goodwill.

147.    Defendants' conduct causes immediate and irreparable harm and injury to Eisold and to his goodwill and reputation, and their actions will continue to damage Eisold and confuse the public unless enjoined by this court.

148. Eisold has no adequate remedy at law.

149. Eisold is entitled to, among other relief, injunctive relief; an award of actual damages, Defendants' profits, enhanced damages and profits; reasonable attorneys' fees; and costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT V

## CALIFORNIA TRADEMARK INFRINGEMENT

### California Business & Professional Code section 17200 et seq.,

### California Common Law

### (*Eisold against all Defendants*)

150. Eisold realleges and incorporates paragraphs 1 through 149.

151. Eisold owns the federally registered Eisold Mark in connection with clothes and apparel (class 25).

152. Defendants' unauthorized use in commerce of the infringing mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Runnels clothes.

153. Defendants' conduct is likely to cause consumers to believe, contrary to reality, that the Runnels clothes are sold, authorized, endorsed, or sponsored by Eisold or that Defendants are in some way affiliated with or sponsored by Eisold.

154. Defendant's conduct therefore constitutes trademark infringement in violation of California Business and Professional Code section 17200 et seq. and California common law.

155. On information and belief, Defendants have, with full knowledge of Runnels' prior rights in the Eisold Mark and have willfully intended to cause confusion and trade on Eisold's goodwill.

156. Defendants' conduct causes immediate and irreparable harm and injury to Eisold and to his goodwill and reputation, and their actions will continue to damage Eisold and confuse the public unless enjoined by this court.

157.   Eisold has no adequate remedy at law.

158.   Eisold is entitled to, among other relief, injunctive relief; an award of actual damages, Defendants' profits, enhanced damages and profits; reasonable attorneys' fees; and costs of this action under California Civil Code section 3289(b), together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

Eisold requests that the Court:

1.       Conduct a jury trial on all issues triable by a jury.

2.       Enter judgment against Runnels that he has committed breach of contract, federal trademark infringement, and California trademark infringement under 15 U.S.C. § 1114, California Business & Professional Code section 17200 et seq., and California common law.

3.       Enter judgment against WWE and Fanatics that they have committed inducement of breach of contract, intentional interference with contractual relations, federal trademark infringement, and California trademark infringement under 15 U.S.C. § 1114, California Business & Professional Code section 17200 et seq., and California common law.

4.       On Count One, award damages in favor of Eisold of an amount to be determined at trial but no less than $150,000.

5.       On Count Two, award damages in favor of Eisold of an amount to be determined at trial but no less than $150,000.

6.       On Count Three, award damages in favor of Eisold of an amount to be determined at trial but no less than $150,000.

7.       On Count Four, award damages in favor of Eisold of an amount to be determined at trial but no less than $300,000, i.e., treble damages of $100,000 in accordance with Section 35(a) of the Lanham Act. 15 U.S.C. § 1117(a).

8.       On Count Five, award damages in favor of Eisold, in an amount to be determined at trial but no less than $150,000.

///

9.     Determine that Defendants willfully committed each alleged act.

10.     Grant an injunction temporarily, preliminarily, and permanently enjoin the sale of the Runnels clothes by Defendants; their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns; and those in active concert with Defendants.

11.     Award Eisold punitive and exemplary damages as the Court finds appropriate to deter future willful infringement.

12.     Award Eisold the maximum prejudgment interest allowed by law. Cal. Civ. Code § 3289(b).

13.     Award Eisold the maximum post-judgment interest allowed by law. 28 U.S.C. § 1961.

14.     Award Eisold costs.

15.     Award Eisold reasonable attorney fees.

16.     Award any other just and proper relief.


DATED:   November 1, 2024        KING, HOLMES, PATERNO & SORIANO, LLP


By:        /s/ Howard E. King
                HOWARD E. KING
                HEATHER L. PICKERELL
            Attorneys for Plaintiff
            WESLEY EISOLD

4572.061/3002732.1                    20
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

**DEMAND FOR JURY TRIAL**

2        Plaintiff Wesley Eisold demands a jury trial in the above-entitled action on all

3  issues triable to a jury.

4  DATED:  November 1, 2024     KING, HOLMES, PATERNO & SORIANO, LLP

5

6                  By:     */s/ Howard E. King*

7                           HOWARD E. KING

8                         HEATHER L. PICKERELL
                      Attorneys for Plaintiff

9                      WESLEY EISOLD

## <u>PROOF OF SERVICE</u>

**Wesley Eisold v. Cody Garrett Runnels, et al.**
**Case No. 2:24-cv-07516 AB (MARx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of .  My business address is 1900 Avenue of the Stars, Twenty-Fifth Floor, Los Angeles, CA 90067-4506.

On November 1, 2024, I served true copies of the following document(s) described as **FIRST AMENDED COMPLAINT FOR** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address srothschild@khpslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 1, 2024, at Los Angeles, California.

*Rennie Santhon*
_____
Rennie Santhon

KING, HOLMES, PATERNO & SORIANO, LLP

4572.061/3002732.1

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

**SERVICE LIST**
**Wesley Eisold v. Cody Garrett Runnels, et al.**
2                                                **Case No. 2:24-cv-07516 AB (MARx)**

3    Stacey H. Wang, Esq.                                                      Attorneys for
     Holland & Knight LLP                                                      Defendants
4    400 South Hope Street, 8th Floor                                         WORLD
     Los Angeles, CA 90071                                                    WRESTLING
5    Tel:                                                                      ENTERTAIN
                                                                              MENT, LLC
6    (213) 896-2480                                                           and
     Email:                                                                   FANATICS
7                                                                             LLC
     Stacey.wang@hklaw.com
8
     Danielle N. Garno, Esq.                                                  Attorneys for
9    Holland & Knight LLP                                                     Defendants
     701 Brickell Avenue                                                      WORLD
10   Suite 3300                                                               WRESTLING
     Miami, FL 33131                                                          ENTERTAIN
11   Tel:                                                                      MENT, LLC
                                                                              and
12   (305) 789-7539                                                           FANATICS
     Email:                                                                   LLC
13
     Danielle.Garno@hklaw.com
14
     Amanda-Jane Thomas, Esq.                                                 Attorneys for
15   Jayaram PLLC                                                             Defendant
     54 W. 21st Street, Suite 801                                            CODY
16   New York, NY 10010                                                       GARRETT
     Tel:                                                                      RUNNELS
17
     (347) 560-4507
18   Email:

19   ajthomas@jayaramlaw.com

20

21

22

23

24

25

26

27

28

4572.061/3002732.1

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF