HOLLAND & KNIGHT LLP
Stacey H. Wang (SBN 245195)
Danielle N. Garno (SBN 208809)
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Telephone:  213.896.2400
Facsimile:   213.896.2450
Email:  stacey.wang@hklaw.com
            danielle.garno@hklaw.com

Attorneys for Defendants World
Wrestling Entertainment, LLC, and
Fanatics LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESLEY EISOLD, an individual,

Plaintiff,

vs.

CODY GARRETT RUNNELS, an individual, WORLD WRESTLING ENTERTAINMENT, LLC, a limited Liability company; and FANATICS, LLC, a limited liability company,

Defendant.

Case No.: 2:24-CV-07516-AB(MARx)
[*Hon. André Birotte Jr.*]

**DEFENDANTS WORLD WRESTLING ENTERTAINMENT LLC AND FANATICS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS II-V OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[FED. R. CIV. P. 12(B)(6)]**

HEARING
DATE:      Jan. 24, 2025
TIME:       10:00 A.M.
CTRM:      7B

///
///
///
///
///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on January 25, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable André Birotte Jr. in Courtroom 7B, located at the U.S. District Court for the Central District of California at 350 West First Street, Los Angeles, California 90012, Defendants World Wrestling Entertainment, LLC ("WWE") and Fanatics, LLC ("Fanatics") (WWE and Fanatics are hereinafter referred to, together, as "Defendants"), will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing, with prejudice, the Second through Fifth Counts[1] alleged in Plaintiff Wesley Eisold's ("Plaintiff") First Amended Complaint ("FAC") (Dkt. 23).

This Motion is brought on the following grounds:

Count II:    Plaintiff fails to state a claim against Defendants for inducing breach of contract. Plaintiff recites the formal elements of the claim without pointing to any facts sufficient to allege (a) Defendants induced Cody Runnels ("Runnels") to breach the March 14, 2021, Settlement and Coexistence Agreement by and between Runnels and Plaintiff (the "Agreement"); (b) that an actual breach of the Agreement occurred; and (c) that the Agreement would have been performed but for Defendants' conduct.

Count III:    Plaintiff also fails to state a claim against Defendants for intentional interference with contractual relations. Plaintiff fails to sufficiently allege (a) Defendants intentionally interfered with Plaintiff's contractual relations with Runnels and (b) that the contractual relationship between Plaintiff and Runnels would have carried forward but for Defendants' alleged interference.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

---

[1] Defendants' Motion to Dismiss does not address Count I of Plaintiff's FAC as Count I is solely against Cody Runnels and not WWE or Fanatics.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

<u>Count IV</u>:    Plaintiff fails to state a claim against Defendants for Federal Trademark Infringement under 15 U.S.C. § 1114 and California Common Law because any purported use of the "AMERICAN NIGHTMARE" trademark by Defendants was authorized by, and in compliance with, the plain terms of the Agreement.

<u>Count V</u>:    Plaintiff fails to state a claim against Defendants for state trademark infringement under section 17200, et. seq., of the California Business & Professional Code and California Common Law ("UCL") because Section 17200 creates a cause of action for unfair competition, not trademark infringement. And to allege unfair competition, a plaintiff must identify the specific UCL prong(s) underlying his unfair competition claim, something Plaintiff fails to do in the FAC. Further, Plaintiff has failed to plead facts sufficient to satisfy the standing requirement of the UCL. Nevertheless, even if Plaintiff meant to plead state trademark infringement in violation of the Section 14200, *et. seq.*, of California's Business and Professional Code, or otherwise meant to use state trademark infringement as the underlying theory for Plaintiff's UCL claim, Plaintiff's claim still fails, as Plaintiff fails to plead he is the owner of a California state trademark registration and that any purported use of "AMERICAN NIGHTMARE" by Defendants failed to comply with the Agreement.

This Motion to Dismiss is based on this Notice, along with the accompanying Memorandum of Points and Authorities and Requests for Judicial Notice, and all pleadings, papers, and other documentary materials in the Court's file for this action.

///

///

///

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT    CASE NO. 2:24-CV-07516- AB(MARX)

1    This motion is made following the conference of counsel pursuant to this Court's

2    Standing Order and Local Rule 7-3, which took place through a zoom conference on

3    November 8, 2024.

4

5    Dated:  November 22, 2024                 HOLLAND & KNIGHT LLP

6

7                                                  */s/ Stacey H. Wang*
     Stacey H. Wang

8    Danielle N. Garno

9    *Attorneys for Defendants*
     *World Wrestling Entertainment, LLC*

10   *Fanatics, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND BACKGROUND.................................................... 1

    A.    WWE's Business and Cody Runnels........................................ 1

    B.    The Runnels Mark and its Corresponding Service Mark Application . 2

    C.    The Trademark Settlement and Coexistence Agreement Between Runnels and Plaintiff........................................ 2

    D.    Plaintiff's Allegations Against Defendants ............................ 4

II.   LEGAL STANDARD GOVERNING DISMISSAL ...................................... 6

III.  ARGUMENT ........................................................................... 8

    A.    Plaintiff Fails to State a Claim for Inducing Breach of Contract (Count II).................................................. 8

        1.    Plaintiff Formulaically Recites The Claims' Required Elements. .................................................. 8

        2.    Plaintiff Fails to Plead an Actual Breach of the Agreement. ... 10

        3.    Plaintiff Fails to Plead Causation. .......................... 13

    B.    Plaintiff Fails to State a Claim for Intentional Interference with Contractual Relations (Count III). ......................... 13

    C.    Plaintiff Fails to State a Claim for Federal and Common Law Trademark Infringement (Count IV and Count V)........................... 15

    D.    Plaintiff Fails to Allege a Violation of Section 17200, *et. seq.*, of California's Business and Professional Code (Count V)................... 16

    E.    No Amendment Can Salvage Plaintiff's Deficient Causes of Actions.20

IV.   CONCLUSION ....................................................................... 21

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amara v. Nationstar Mortg. LLC*,
No 5:19-cv-01153-AB, 2020 U.S. Dist. LEXIS 259078, 2020 WL
11648206 (C.D. Cal. Mar. 16, 2020)..................................................................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................6

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) ............................................................................17

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995)..........................................................................7, 20

*Brophy v. Almanzar*,
No. SACV 17-01885-CJC(JPRx), 2019 U.S. Dist. LEXIS 233894
(C.D. Cal. Aug. 22, 2019) ................................................................................12

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011)............................................................................6

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163, 83 Cal. Rptr. 2d 548, 973 P.2d 527 (Cal. 1999)....................17

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994)................................................................................7

*Day v. Cal. Lutheran Univ.*,
No. 22-55825, 2023 U.S. App. LEXIS 19760, 2023 WL 4893650
(9th Cir. Aug. 1, 2023) .....................................................................................18

*Doe v. City of Los Angeles*,
42 Cal. 4th 531 (2007)........................................................................................8

*Dream Marriage Grp. Inc. v. Anastasia Int'l, Inc.*,
No. 10-cv-05034, 2010 WL 4346111 (C.D. Cal. Oct. 27, 2010).....................20

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

ii

*U.S. ex rel. Gale v. Raytheon Co.*,
    No. 05CV2264 MMA (LSP), 2009 WL 3378976 (S.D. Cal. Oct. 19, 2009) ................................................................................................. 6, 7

*Glow Indus., Inc. v. Lopez*,
    252 F. Supp. 2d 962 (C.D. Cal. 2002) .............................................. 15

*Gomes v. Countrywide Home Loans, Inc.*,
    192 Cal. App. 4th 1149 (2011) .......................................................... 9

*Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*,
    391 F.3d 1088 (9th Cir. 2004) .......................................................... 15

*GS Holistic, LLC v. Ravens Smoke Shop, Inc.*,
    No. CV 22-7199-MWF (Ex), 2023 U.S. Dist. LEXIS 154902 (C.D. Cal. July 10, 2023) ....................................................................... 4

*Heredia v. MTK Glob. Sports Mgmt., LLC*,
    No. 5:20-CV-02618-JWH-KKX, 2022 WL 1521890 (C.D. Cal. Apr. 11, 2022) ....................................................................................... 13

*Kane v. Delong*,
    No. CV 13-05021-KAW, 2014 WL 900721 (N.D. Cal. Mar. 4, 2014) .......... 8, 9

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310, 120 Cal. Rptr. 3d 741, 246 P.3d 877 (Cal. 2011) ................... 18

*La Terra Fina USA, LLC v. Reser's Fine Foods, Inc.*,
    No. 3:23-cv-02631-JSC, 2024 U.S. Dist. LEXIS 35817 (N.D. Cal. Feb. 29, 2024) ..................................................................................... 4

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ............................................................. 7

*Moore v. Kayport Package Exp., Inc.*,
    885 F.2d 815 (9th Cir. 1989) ........................................................ 7, 20

*Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*,
    No. CV 18-6437-MWF (ASX), 2018 WL 6444899 (C.D. Cal. Nov. 16, 2018) ...................................................................................... 13, 15

*Neutron Holdings, Inc. v. Hertz Corp.*,
    No. 23-cv-00934-JSC, 2023 U.S. Dist. LEXIS 100085 (N.D. Cal. June 8, 2023) ..................................................................................... 9

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

iii

*Nuvo Research Inc. v. McGrath*,
  No. C-11-4006 SBA, 2012 WL 1965870 (N.D. Cal. May 31, 2012) ............... 17

*Pitre v. Wal-Mart Stores, Inc.*,
  No. 8:17-cv-01281-DOC, 2017 U.S. Dist. LEXIS 224472, 2017 WL
  11093619 (C.D. Cal. Nov. 8, 2017) .................................................................... 18

*Qureshi v. Countrywide Home Loans, Inc.*,
  No. C09-4198 SBA, 2010 WL 841669 (N.D. Cal. Mar. 10, 2010) ................... 17

*Roseville Fullerton Burton Holdings, LLC v. SoCal Wheels, Inc.*,
  No. SACV141954JLSJCGX, 2016 WL 6159014 (C.D. Cal. May 20,
  2016) ...................................................................................................................... 19

*Tart Optical Enterprises, LLC v. Light Co., Ltd.*,
  No. 16-cv-08061, 2017 WL 5957729 (C.D. Cal. May 1, 2017) ....................... 19

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ........................................................................ 7, 10

*Unimax Commc'ns LLC v. T-Mobile USA Inc.*,
  No. C23-01830-KKE, 2024 U.S. Dist. LEXIS 97369 (W.D. Wash.
  May 31, 2024) ......................................................................................................... 9

*Upper Deck Co. v. Flores*,
  569 F. Supp. 3d 1050 (S.D. Cal. 2021) .............................................................. 15

*In re Verifone Sec. Litig.*,
  11 F.3d 865 (9th Cir. 1993) ................................................................................. 7

*X Corp. v. Ctr. for Countering Digital Hate, Inc.*,
  No. 23-CV-03836-CRB, 2024 WL 1246318 (N.D. Cal. Mar. 25,
  2024) ...................................................................................................................... 14

*Yang v. Dar Al-Handash Consultants*,
  250 Fed. Appx. 771 (9th Cir. 2007) ..................................................................... 7

**Statutes**

15 U.S.C. § 1114 ......................................................................................................... 15

Cal. Bus. & Prof. Code § 14200, *et. seq.* ............................................................. 6, 18

Cal. Bus. & Prof. Code § 14245 ......................................................................... 19, 20

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Cal. Bus. & Prof. Code § 14245(a)(1) ....................................................... 17, 19, 20

Cal. Bus. & Prof. Code § 17200, *et. seq.* ....................................................... 6, 16, 17

Cal. Bus. & Prof. Code § 17204 ........................................................................ 18

Cal. Bus. & Prof. Code § 17500 ........................................................................ 17

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ......................................... 5, 6, 9, 17

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT    CASE NO. 2:24-CV-07516- AB(MARX)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND BACKGROUND

### A.    WWE's Business and Cody Runnels

World Wrestling Entertainment, LLC ("WWE") is an integrated media and entertainment company that has been involved in the sports wrestling business for approximately four decades. Over the years, WWE has sold, and continues to sell, various apparel products through its own stores and at live wrestling events, as well as through sublicensee Defendant Fanatics, LLC ("Fanatics"). WWE's products (including the products at issue in this case), are specifically marketed to consumers in the tight-knit wrestling community and, as such, contain valuable and easily recognizable wrestling-related indicia, such as WWE's distinctive trademarks.

WWE owns common law rights and hundreds of U.S. and international applications and registrations for "WWE" marks that contain WWE in typed or stylized form and with or without design elements (collectively, the "WWE Marks"). The WWE Marks include, but are not limited to, (a) WWE standard character and design marks, subject of incontestable U.S. Reg. Nos. 3538710 and 4625255, for clothing products in Class 25; (b) WWE standard character and design marks, subject of incontestable U.S. Reg. Nos. 3412176 and 4689835, for, *inter alia*, retail store services and online retail services in Class 35; and (c) WWE standard character and design marks, subject of incontestable U.S. Reg. Nos. 2772683, 4538210, and 4689839 for, *inter alia*, wrestling-related entertainment services in Class 41. *See* Defendants' Request for Judicial Notice ("RJN") No. 1 & Exhibit A; *see also* Declaration of Stacey Wang. Due to the popularity, success, and recognition of the goods and services WWE offers under its WWE Marks, the WWE Marks are indelibly linked in the public's mind to WWE and its association with wrestling worldwide.

WWE's products also include images of WWE's iconic wrestlers, whose athletic and entertainment skill lie at the core of WWE's success. One such wrestler is Cody Runnels ("Runnels"), the current "Undisputed WWE Champion," who goes by the

pseudonym "Cody Rhodes." In memory of his late father, Runnels adopted the stage name "The American Nightmare," which wrestling fans have now come to directly associate with the wrestling champion. And given Runnels' widespread popularity and stardom, any and all Runnels Apparel (defined below) that are designed and/or sold by WWE or Fanatics must be specifically approved by Runnels prior to sale.

**B.    The Runnels Mark and its Corresponding Service Mark Application**

As alleged in the First Amended Complaint ("FAC"), on March 10, 2019, Runnels filed an application to register the service mark THE AMERICAN NIGHTMARE (the "Runnels Mark") for wrestling-related entertainment services in Class 41 (U.S. Application Serial No. 88,333,305). *See* FAC [Dkt. 23], ¶ 57. On August 21, 2019, Plaintiff filed a Notice of Opposition at the Trademark Trial and Appeal Board ("TTAB") (assigned TTAB Proceeding No. 91250336), objecting to registration of the Runnels Mark on the basis that it is confusingly similar to Plaintiff's AMERICAN NIGHTMARE mark (the "Eisold Mark"), subject of U.S. Registration No. 5,089,055. *See* FAC, ¶ 60. Plaintiff allegedly sells his clothing products under the Eisold Mark to a specific class of consumers comprised of fans of his band and those who love counterculture and punk rock clothing. *See* FAC, ¶ 38. On September 30, 2019, Runnels filed an answer to Plaintiff's Notice of Opposition and counterclaimed to cancel Plaintiff's registration for the Eisold Mark on the basis of fraud. FAC, ¶ 61.

**C.    The Trademark Settlement and Coexistence Agreement Between Runnels and Plaintiff**

On March 14, 2021, Plaintiff and Runnels entered into a Trademark Settlement and Coexistence Agreement (the "Agreement"), which lies at the heart of this case. *See* FAC, ¶¶ 62-63. As seen in Exhibit 4 of the FAC, the Agreement attempted to resolve the TTAB dispute between Plaintiff and Runnels. As part of the resolution, Plaintiff (i) consented to registration of the Runnels Mark for the Class 41 wrestling-related entertainment services identified in U.S. Application Serial No. 88,333,305 (the "Runnels Services") and (ii) agreed that he would not oppose, seek to cancel, or

otherwise interfere with the resulting registration that issued thereafter (*i.e.*, U.S. Registration No. 6,397,093). *See* FAC, Exhibit 4, Section 1(a). Further, Section 1(b) of the Agreement provided that:

> Eisold further consents to Runnels' use (but not registration) of the Runnels Mark *in connection with* clothing apparel in International Class 025 promoting the Runnels Goods and Services (collectively, the "Runnels Apparel") with the express condition that all uses of the Runnels Mark *on or in connection with* the Runnels Apparel (and on any Runnels-controlled websites, e-commerce pages, social media pages, advertisement, or other outlet used to sell or promote the Runnels Apparel) *must contain, and be alongside the following*, to appear in reasonably-placed and sized prominence as compared with the Runnels Mark (i.e. 75% or larger size as compared to the Runnels Mark):
>
> (i)    Runnels' name (*i.e.*, Cody Rhodes); or
>
> (ii)   Runnels' name and likeness; or
>
> (iii)  Substantial indicia indicating association with wrestling (*e.g.*, the AEW[2] company logo).

*See* FAC, Exhibit 4 (emphasis added).

On its face, the Agreement dictates that it shall inure not just to the benefit of the parties, but also to their respective "principals, owners, successors, assigns, *licensees*, affiliates, *and all others acting by or through them or with or under their direction or in privity with them*." *See* FAC, Exhibit 4, Section 7(c) (emphasis added). The Agreement thus specifically authorized WWE (and by extension, Fanatics) to use and sublicense the Runnels Mark for apparel products, provided such use was alongside (i) Runnels' name; or (ii) Runnels' name and likeness; or (iii) substantial indicia

---

[2] The Agreement originally used language referencing the "AEW logo" as one example of wrestling-related indicia since, at that time, Runnels wrestled for the professional wrestling company "All Elite Wrestling." Since then, Runnels has transitioned to wrestle for WWE.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

indicating association with wrestling (*e.g.*, the WWE company logo). *See* FAC, Exhibit 4. And as noted above, Section 1(b) required such use to appear in reasonably placed and sized prominence as compared to the Runnels Mark (*i.e.*, 75% or larger in size as compared to the Runnels Mark). *See* FAC, Exhibit 4. By virtue of Sections 7(c) and 1(b), then, both WWE (a licensee of Runnels) and Fanatics (WWE's sublicensee) are beneficiaries of Plaintiff's consent under the Agreement.

### D.    Plaintiff's Allegations Against Defendants

In the operative FAC, Plaintiff alleges five causes of action: (1) breach of contract (*against Runnels*); (2) inducing breach of contract (*against WWE and Fanatics*); (3) intentional interference with contractual relations (*against WWE and Fanatics*); (4) federal trademark infringement (*against Runnels, WWE, and Fanatics*); and (5) state and common law trademark infringement (*against Runnels, WWE, and Fanatics*). This case, then, principally concerns Runnels' and Defendants' alleged unauthorized use of Runnels' stage name THE AMERICAN NIGHTMARE, or slight variations thereof, in connection with ***eight specific apparel products***. *See* FAC, ¶ 85 (citing Exhibit 6). While technically a ninth product is included in the FAC at Exhibit 5 (*see* FAC, ¶ 77), Plaintiff defines the allegedly infringing "Runnels clothes" to only include the eight products in Exhibit 6. *See* FAC, ¶ 85. As such, because Plaintiff only provided notice that the eight specific products identified in Exhibit 6 are allegedly infringing, this Court should reject any claims by Plaintiff that the FAC encompasses more than those eight specific products. *See, e.g., La Terra Fina USA, LLC v. Reser's Fine Foods, Inc*., No. 3:23-cv-02631-JSC, 2024 U.S. Dist. LEXIS 35817, at *5 (N.D. Cal. Feb. 29, 2024) (there are no factual allegations that plausibly support an inference that some unidentified products of Defendant are infringing); *GS Holistic, LLC v. Ravens Smoke Shop, Inc*., No. CV 22-7199-MWF (Ex), 2023 U.S. Dist. LEXIS 154902, at *10-11 (C.D. Cal. July 10, 2023) (plaintiff did not identify which of defendant's products were allegedly infringing plaintiff's marks).

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1      Relevant to this Motion to Dismiss, Plaintiff fails to sufficiently plead his second

2  through fifth causes of action in the FAC. And because any attempt to amend would be

3  futile, this Court should dismiss those causes of action with prejudice pursuant to Rule

4  12(b)(6) of the Federal Rules of Civil Procedure.

5      With regard to Plaintiff's second cause of action for inducing breach of contract,

6  Plaintiff points to no facts sufficient to support his claim that Defendants induced

7  Runnels to breach the Agreement, much less that an actual breach of the Agreement

8  occurred. Further, Plaintiff fails to allege that Runnels would have complied with the

9  Agreement's terms *but for* Defendants' conduct. Instead, Plaintiff regurgitates the

10  claim's required elements and pleads sparse so-called "facts" on information and belief.

11      Regarding Plaintiff's third cause of action for intentional interference with

12  contractual relations, the only "interference" Plaintiff alleges – albeit solely on

13  information and belief – is that Defendants induced Runnels to breach the Agreement.

14  Fatally, however, the FAC contains no specific information or fact that supports the

15  conclusory allegation. Nor does Plaintiff even attempt to allege that Plaintiff's

16  contractual relationship with Runnels would have been uninterrupted *but for*

17  Defendants' alleged intentional interference. As such, Plaintiff's cause of action for

18  intentional interference with contractual relations fails.

19      Moreover, the above contract-based claims against WWE and Fanatics cannot

20  be saved by amendment, because WWE did not learn of the existence of such

21  Agreement until receiving Plaintiff's letter shortly before this action was filed on

22  September 9, 2024. Similarly, Fanatics was completely unaware of the Agreement until

23  Fanatics was informed of it by WWE (not Plaintiff) shortly before this action was filed.

24  Fanatics did not see the actual Agreement until it reviewed Plaintiff's original

25  complaint. Plaintiff's FAC, as further explained in Section III(A)(1) below, contains

26  no non-conclusory allegations to the contrary. Thus, any attempt to amend these causes

27  of action would be futile.

28  ///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT   CASE NO. 2:24-CV-07516- AB(MARX)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

As for Plaintiff's trademark infringement claims under federal and common law, any use of the Runnels Mark by Defendants was expressly authorized by Plaintiff in the Agreement. Plaintiff, therefore, fails to plausibly plead any unauthorized use of the Runnels Mark.

Finally, Plaintiff's purported state trademark infringement claim under section 17200, *et. seq.*, of the California Business & Professional Code and California Common Law ("UCL") similarly fails because section 17200 creates a cause of action for unfair competition, and not trademark infringement. And to allege unfair competition, Plaintiff was required to both identify the specific UCL prong(s) underlying the claim and satisfy the UCL's standing requirement, which Plaintiff fails to do. Even if Plaintiff meant to plead state trademark infringement in violation of section 14200, *et. seq.*, or otherwise meant to use state trademark infringement as the underlying theory for Plaintiff's UCL claim, Plaintiff's claim still fails, as Plaintiff did not plead that he is the owner of a California state trademark registration and that any use of the Runnels Mark by Defendants failed to comply with the Agreement.

## II.    LEGAL STANDARD GOVERNING DISMISSAL

Under Rule 12(b)(6), a complaint should be dismissed if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see U.S. ex rel. Gale v. Raytheon Co.*, No. 05CV2264 MMA (LSP), 2009 WL 3378976, *2 (S.D. Cal. Oct. 19, 2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A pleading that is "'merely consistent with' a defendant's liability" is insufficient. *Id.* (citing *Twombly*, 550 U.S. at 557). In other words, allegations must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "In assessing the plausibility of an inference, [courts] 'draw on judicial experience and common sense' . . . and consider 'obvious alternative explanation[s][.]'" *U.S. ex rel. Cafasso v.*

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT   CASE NO. 2:24-CV-07516- AB(MARX)

*Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 567) (internal citations and quotations omitted).

While a complaint is to be construed in the light most favorable to the nonmoving party, "the court is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Indeed, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). Moreover, "it is improper for a court to assume 'the [plaintiff] can prove facts that [he or she] has not alleged.'" *Gale*, 2009 WL 3378976 at *2 (quoting *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)).

Moreover, courts should not blindly accept the allegations in the pleadings as true if these allegations are contradicted by (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that can be judicially noticed. *See, e.g., U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court properly considers materials forming the basis of the complaint); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (judicial notice); *Yang v. Dar Al-Handash Consultants*, 250 Fed. Appx. 771, 772 (9th Cir. 2007).

If leave to amend would be futile, the court can deny leave to amend and dismiss the case with prejudice. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Indeed, if no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d, 815, 538-39 (9th Cir. 1989).

///

///

///

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## III.   <u>ARGUMENT</u>

### A.   **Plaintiff Fails to State a Claim for Inducing Breach of Contract (Count II).**

To state a cause of action for inducing breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that the defendant had knowledge of this contract; (3) that the defendant intended to induce a breach of the contract; (4) that the underlying contract was, in fact, breached resulting in injury to the plaintiff; and (5) that the breach and resulting injury was proximately caused by the defendant's unjustified and wrongful conduct. *Kane v. Delong*, No. CV 13-05021-KAW, 2014 WL 900721, at *3 (N.D. Cal. Mar. 4, 2014) (citing *Freed v. Manchester Serv., Inc.*, 165 Cal. App. 2d 186, 189, 331 P.2d 689, 691 (Cal. 1958)). Plaintiff fails to adequately plead this cause of action for at least three reasons.

#### 1.   *Plaintiff Formulaically Recites The Claims' Required Elements.*

Plaintiff's allegations in Count II of the FAC amount to nothing more than a formulaic recitation of the elements for inducing breach of contract. For example, Plaintiff attempts to satisfy the "knowledge" element for this cause of action by generally claiming "WWE and Fanatics knew of the settlement agreement." *See* FAC [Dkt. 23], ¶ 125. However, nowhere does Plaintiff allege any specific facts sufficient to support this contention. Instead, any facts contained in the FAC that *might* be relevant to this element, such as in Paragraph 82, are pled solely on information and belief. For example, Plaintiff alleges that, "[o]n information and belief, Defendants knew about and were familiar with the Eisold Mark and the settlement agreement when they began designing, manufacturing, distributing, marketing, promoting, and selling the Eisold clothes.[3]" *See* FAC [Dkt. 23], ¶ 82. A plaintiff is only permitted to plead factual allegations based upon information and belief if the plaintiff has "information leading [the plaintiff] to believe that the allegations are true." *Doe v. City of Los Angeles*, 42

---

[3]Confusingly, Plaintiff contends Defendants are selling the "Eisold clothes," but the only evidence presented is Defendants selling Runnels Apparel, which is a further defect in Plaintiff's claim.

Cal. 4th 531, 550 (2007) (quoting *Pridonoff v. Balokovich*, 36 Cal. 2d 788, 792 (1951). Even if that is the case, however, a plaintiff must then provide the specific information that leads the plaintiff to believe the pertinent allegations are true. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1158–59 (2011). Here, Plaintiff provides no such specific information. *See Neutron Holdings, Inc. v. Hertz Corp.*, No. 23-cv-00934-JSC, 2023 U.S. Dist. LEXIS 100085, at *15-16 (N.D. Cal. June 8, 2023) (dismissing plaintiff's causes of action for inducing breach and intentional interference with contract because plaintiff did not provide any factual allegations to supports its conclusion that defendant had knowledge the contract); *Unimax Commc'ns LLC v. T-Mobile USA Inc.*, No. C23-01830-KKE, 2024 U.S. Dist. LEXIS 97369, at *18 (W.D. Wash. May 31, 2024) (dismissing cause of action for inducing breach where the plaintiff failed to allege facts supporting defendant's purported knowledge of the contract). And because Plaintiff will be unable to point to any specific facts that demonstrate WWE and Fanatics knew of the Agreement's existence before, or at the time of, the alleged breach (since they in fact did not know about the Agreement until shortly before this action was filed), no amendment can save Plaintiff's claim.

Plaintiff's attempt to satisfy the third element of this cause of action also fails. Plaintiff simply states "[o]n information and belief, WWE and Fanatics intentionally caused Runnels to breach the settlement agreement" (FAC [Dkt. 23], ¶ 83) and "WWE and Fanatics intentionally caused Runnels to breach his contract with Eisold" (FAC [Dkt. 23], ¶ 126). This equally misses the mark. And while Plaintiff attempts to broadly incorporate Paragraphs 1 through 122 by reference, Plaintiff fails to specify which facts allegedly pertain to which elements (or even which causes of action). This type of pleading is insufficient to withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kane*, 2014 WL 900721, at *4 (citing *Twombly*, 550 U.S. at 555).

///

///

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT    CASE NO. 2:24-CV-07516- AB(MARX)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## 2.    *Plaintiff Fails to Plead an Actual Breach of the Agreement.*

Plaintiff also fails to adequately plead an actual breach of the Agreement by Runnels. Plaintiff does not dispute the contents of the Agreement. *See* FAC, ¶¶ 62-72. Therefore, to state a claim for breach of the Agreement, Plaintiff must specifically allege that Runnels did not include on (or otherwise in connection with) his apparel products (i) Runnels' name (*i.e.*, Cody Rhodes); or (ii) Runnels' name and likeness; or (iii) substantial indicia indicating association with wrestling (*e.g.*, the WWE logo) in reasonably-placed and sized prominence as compared with the "Runnels Mark" (*i.e.*, 75% or larger size as compared to the Runnels Mark). *See* FAC, Exhibit 4. The FAC, however, does not include any allegations that Runnels failed to comply with these express size and location requirements when Runnels approved the designs for the eight products listed in Exhibit 6. *See* FAC, Exhibit 6. This alone is a basis for dismissal.

Even assuming that Plaintiff did make such an allegation – by inference or otherwise – a review of the products Plaintiff specifically complains of reveals the futility of such allegations. *See U.S. v. Ritchie*, 342 F.3d at 908 (9th Cir. 2003) (court properly considers materials forming basis of the complaint). Here, every single one of the eight products included in Exhibit 6 of Plaintiff's FAC comply with the express terms of the Agreement. After all, the plain terms of the Agreement authorized Runnels – or, as discussed above pursuant to Section 7(c) (*see* FAC, ¶ 71 and Exhibit 4), WWE (a licensee of Runnels) and Fanatics (WWE's sublicensee) – to use the words "American Nightmare" ***not just on, but also in connection with,*** apparel products. *See* FAC [Dkt. 23], Exhibit 4. And each product included in Exhibit 6 overwhelmingly includes, or is otherwise sold in connection with, substantial indicia indicating an association with wrestling. For example, each product includes – in large print – the following skull design mark, owned and registered by Runnels (hereinafter, the "Skull Mark"):

///

| Mark | Goods and Services | Date of First Use | Current Status |
|---|---|---|---|
| Reg. No. 6256132<br><br>Filed: June 26, 2020<br><br>Registered: Jan. 26, 2021<br><br>No Color Claim | Class 25: bandanas; hats; shirts; sweatshirts; ties as clothing; hooded sweatshirts<br><br>Class 41: entertainment in the nature of wrestling contests; entertainment services, namely, live appearances by a professional wrestling and sports entertainment personality; entertainment services, namely, personal appearances by a professional wrestler and sports entertainment personality; entertainment services, namely, wrestling exhibits and performances by a professional wrestler and entertainer; providing wrestling news and information via a global computer network; providing online interviews featuring a professional wrestler and sports entertainer in the field of professional wrestling and sports entertainment for entertainment purposes | Class 25: Jul. 2018<br><br>Class 41: Aug. 2018 | Registered |

*See* RJN No. 2 & Exhibit B; *see also* Decl. of S. Wang. As a result of Runnels' long, continuous, and extensive use (and subsequent registration) of his Skull Mark on and/or in connection with his various wrestling-related apparel products in Class 25, along with his actual wrestling services in Class 41, consumers have become accustomed to associating the Skull Mark with not only wrestling, but with a single source, namely, Runnels. *See* RJN No. 2 & Exhibit B; *see also* Decl. of S. Wang. As such, the prominent inclusion of Runnels' Skull Mark (a mark directly covering wrestling services) on each of the products listed in Exhibit 6, especially when compared in size to any use of the words "American Nightmare," reveals Plaintiff has failed to plausibly allege an actual breach of the Agreement.

Moreover, each of the products Plaintiff includes in Exhibit 6 appear on WWE's online e-commerce website and are prominently advertised in connection with WWE's world famous, federally and internationally registered WWE Marks, further evidence of compliance with the Agreement. *See* FAC, Exhibit 6. As noted above, the plain terms of the Agreement authorized use of the words "American Nightmare" **not just on apparel products, but also in connection with** apparel products, provided that use **contained, or was otherwise alongside**, (i) Runnels' name (*i.e.*, Cody Rhodes); or (ii) Runnels' name and likeness; or (iii) substantial indicia indicating association with

///

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT    CASE NO. 2:24-CV-07516- AB(MARX)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

wrestling (*e.g.*, the WWE company logo) in reasonably-placed and sized prominence as compared with the "Runnels Mark" (*i.e.*, 75% or larger size as compared to the Runnels Mark). *See* FAC, Exhibit 4. As such, the widespread inclusion of the world famous WWE Marks – source indicators that consumers directly associate with WWE and wrestling worldwide – at the relevant products' (*see* FAC, Exhibit 6) point of sale (*i.e.*, **alongside** the products and any purported use of the words "American Nightmare," such as on the WWE website) is further indicia signifying the apparel products (and any use of the words "American Nightmare") are sold (or used) solely **in connection with** wrestling. And not only are the products at issue advertised online alongside the WWE Marks, but many of the products, if not all of them, contain the WWE Marks on the actual products. *See* FAC, Exhibits 4, 6.

The products at issue and their advertisements also contain specific inclusion of Runnels' name and likeness, in further compliance with the Agreement. For example, Runnels has a prominent neck tattoo of the Skull Mark, which, by virtue of Runnels' worldwide popularity, has become widely recognized as part of his "likeness." *See Brophy v. Almanzar*, No. SACV 17-01885-CJC(JPRx), 2019 U.S. Dist. LEXIS 233894, at *24 (C.D. Cal. Aug. 22, 2019) (holding that tattoos can serve as someone's "likeness," regardless of whether that person's face or name are displayed in connection with the tattoo); *see also* RJN No. 3 & Exhibit C; RJN No. 4 & Exhibit D; Decl. of S. Wang. Each product listed in Exhibit 6 prominently features Runnels' Skull Mark tattoo, along with the "Cody Rhodes" wrestling name on either the product itself, or in the product's title. *See* FAC [Dkt. 23], Exhibit 6. As such, Plaintiff has failed to plausibly allege any actual breach of the underlying Agreement.[4]

///

---

[4] As noted above, Plaintiff only defined the allegedly infringing "Runnels clothes" to include those products listed in Exhibit 6. *See* FAC, ¶ 85. Nevertheless, even if the Court considers the additional product in Exhibit 5, such use was still authorized by the terms of the Agreement because that product (a) includes an image of Runnels' dog, which consumers directly associate with Runnels and his wrestling career and (b) includes other valuable, wrestling-related indicia at the product's point of sale. *See* RJN No. 5 & Exhibit E.

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT    CASE NO. 2:24-CV-07516- AB(MARX)

### 3. *Plaintiff Fails to Plead Causation.*

Plaintiff also fails to adequately plead causation. "It has been repeatedly held that a plaintiff, seeking to hold one liable for unjustifiably inducing another to breach a contract, must allege . . . that the contract would otherwise have been performed." *Heredia v. MTK Glob. Sports Mgmt., LLC*, No. 5:20-CV-02618-JWH-KKX, 2022 WL 1521890, at *6 (C.D. Cal. Apr. 11, 2022) (citing *Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017)); *see also Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, No. CV 18-6437-MWF (ASX), 2018 WL 6444899, at *5 (C.D. Cal. Nov. 16, 2018) ("Plaintiff likewise fails to sufficiently allege that the ... agreements would not have been breached or disrupted but for the alleged interference") (citing *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997 (1977)). Here, the FAC is devoid of any express allegation that the Agreement between Plaintiff and Runnels (assuming, *arguendo*, that there was an underlying breach) would have been performed *but for* Defendants' intentional acts. If anything, Plaintiff attempts to allege the exact opposite.[5] For example, Plaintiff alleges (albeit in a conclusory manner) that Runnels – himself personally – failed to perform all obligations and conditions precedent required by the Agreement. *See* FAC, ¶¶ 114-122. Accordingly, Plaintiff fails to adequately plead his second cause of action for inducing breach of contract.

### B. Plaintiff Fails to State a Claim for Intentional Interference with Contractual Relations (Count III).

Under California law, the elements of a claim for tortious interference with a contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Heredia*, 2022 WL 1521890, at *6

---

[5] Indeed, this claim cannot stand (and in fact makes no sense) given that, as discussed above, Runnels approves each design on each of the accused products sold by WWE and Fanatics and WWE and Fanatics had no knowledge of the Agreement. Though these facts are outside of the four corners of the pleading, they demonstrate that no amendment can ultimately save this claim.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

(citing *United Nat'l Maint., Inc. v. San Diego Convention Center, Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014)). While the tort of intentional interference with contractual relations is similar to the tort of inducing breach of contract, intentional interference with contractual relations protects against intentional acts that disrupt the relationship between the contractual parties, even if it does not necessarily result in a breach of the underlying contract. *See X Corp. v. Ctr. for Countering Digital Hate, Inc.*, No. 23-CV-03836-CRB, 2024 WL 1246318, at *26 (N.D. Cal. Mar. 25, 2024) (citing *Shamblin v. Berge*, 166 Cal. App. 3d 118, 122, 212 Cal. Rptr. 313, 315 (Ct. App. 1985)). That said, where the only "interference" alleged is inducement to breach the underlying contract, the separate counts of interference with contractual relations and inducing breach of contract allege the same thing and rise and fall together. *X Corp.*, 2024 WL 1246318, at *26.

Here, the only interference alleged is that Defendants induced Runnels to breach the Agreement with Plaintiff. *See* FAC, ¶¶ 133-140. That is identical to the allegation Plaintiff uses to try to support his inducing breach of contract claim. Accordingly, Counts II and III rise and fall together. *X Corp.*, 2024 WL 1246318, at *26.

In addition, this cause of action suffers from the similar pleading deficiencies in that Plaintiff merely recites the claim's required legal elements or otherwise pleads sparsely on information and belief. Plaintiff only addresses the claim's second element – Defendants' purported knowledge of the contract – in a barebones fashion. *See* FAC, ¶¶ 82, 125, 134. With regard to the claim's third element, Plaintiff simply states that "on information and belief, Defendants intentionally caused Runnels to breach the settlement agreement" (FAC, ¶ 82) and that "WWE and Fanatics acted maliciously and intentionally to interfere with the contractual relationship between Eisold and Runnels" (FAC, ¶ 138). Even Plaintiff's most arguably substantive contention that "WWE and Fanatics intended to prevent, hinder, render more expensive, and made more difficult the performance of the settlement agreement, and they were certain or substantially certain that this would occur" (*see* FAC, ¶ 135), is conclusory and has no factual basis.

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT    CASE NO. 2:24-CV-07516- AB(MARX)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

*See Nat'l Funding, Inc.*, 2018 WL 6444899, at *5 (citing *Arroyo v. Pfizer, Inc.*, No. C-12-4030 EMC, 2013 WL 415607, at *4 (N.D. Cal. Jan. 31, 2013) (holding that "[a] complaint that offers naked assertions devoid of further factual enhancement 'stops short of the line between possibility and plausibility of entitlement to relief.'")).

Similarly, Plaintiff fails to plead causation. Plaintiff does not plead that the contractual relationship with Runnels would not have been disrupted *but for* the alleged interference. *See Nat'l Funding, Inc.*, 2018 WL 6444899, at *5. This is fatal. As such, Plaintiff fails to adequately plead his third cause of action for intentional interference with contractual relations. And since Plaintiff's claim for intentional interference with contractual relations suffers from the same deficiencies as Plaintiff's claim for inducing breach of contract, and cannot be saved by amendment, it must be dismissed with prejudice.

## C.    Plaintiff Fails to State a Claim for Federal and Common Law Trademark Infringement (Count IV and Count V).

Plaintiff asserts claims for federal trademark infringement under 15 U.S.C. § 1114 (Count IV) and trademark infringement under California common law (Count V). The Court should consider these claims together as the elements for trademark infringement under California common law are substantially similar to those brought pursuant to the Lanham Act. *See Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 975 (C.D. Cal. 2002) (citing *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1153 (9th Cir. 2002); *see also Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 391 F.3d 1088, 1100 (9th Cir. 2004). Thus, to state a claim for trademark infringement, Plaintiff must allege he (1) owns a valid and protectable trademark; and (2) the Defendants used, in commerce, a similar mark *without authorization* in a manner likely to cause consumer confusion, deception, or mistake. *See Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1067 (S.D. Cal. 2021) (quoting *Philip Morris USA, Inc. v. Liu*, 489 F. Supp. 2d 1119, 1122 (C.D. Cal. 2007)) (emphasis added).

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

1    Fatally, Plaintiff has failed to plead any unauthorized use of "AMERICAN

2    NIGHTMARE." As noted above, the Agreement specifically authorized Runnels (and

3    by extension WWE and Fanatics) to use and sublicense Runnels' trademark for apparel

4    products, provided such use complied with Section 1(b). *See* FAC, Exhibit 4. Plaintiff

5    does not allege, whatsoever, that the eight specific products Plaintiff complains of in

6    Exhibit 6 (or in Exhibit 5, if considered) fail to comply with the express size

7    requirements of the Agreement. Even if he did, however, each product overwhelmingly

8    includes significant and substantial indicia indicating an association with wrestling, as

9    well as extensive uses of Runnels' name and likeness, as discussed at length in Section

10    III(A)(2).

11    Because Plaintiff's allegations fall short of alleging unauthorized use of

12    Plaintiff's trademark as required to state a claim for trademark infringement under

13    federal and California common law, Plaintiff's claims must be dismissed. And no

14    amendment to the FAC is sufficient to salvage Plaintiff's federal and common law

15    trademark infringement claims given that Plaintiff cannot amend to cure the defects as

16    to any of the accused products. Accordingly, these claims should be dismissed with

17    prejudice.[6]

18    **D.    Plaintiff Fails to Allege a Violation of Section 17200, *et. seq.*, of**

19    **California's Business and Professional Code (Count V).**

20    Plaintiff alleges that Defendants' conduct constitutes trademark infringement in

21    violation of Section 17200, *et. seq.*, of California's Business and Professional Code,

22    which creates a cause of action for unfair competition, not trademark infringement. *See*

23    Cal. Bus. & Prof. Code § 17200.

24    ///

25

26    [6] If necessary and at the appropriate time, Defendants will also raise their contention
that any substantive trademark infringement analysis fails because the
27    contemporaneous use of the Eisold Mark and the Runnels Mark for the parties' relevant
goods and services is unlikely to generate consumer confusion in the marketplace due
28    to, *inter alia*, the vast differences in the parties' respective consumer classes (as
highlighted above) and channels of trade.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

16

California's UCL prohibits "unfair competition," which is defined as any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." *See* Cal. Bus. & Prof. Code § 17200. The three prongs of the UCL are independent of each other and may be asserted as separate claims. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 973 P.2d 527 (Cal. 1999); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) ("Each prong of the UCL is a separate and distinct theory of liability.").

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must identify the prong(s) underlying its unfair competition claim. *Nuvo Research Inc. v. McGrath*, No. C-11-4006 SBA, 2012 WL 1965870, at *6 (N.D. Cal. May 31, 2012) ("Plaintiffs fail to identify which prong or prongs of the UCL on which they are attempting to predicate Defendant's liability. Their failure to do so improperly deprives [Defendant] of fair notice of the claims alleged against him." (internal quotations omitted)); *Qureshi v. Countrywide Home Loans, Inc*., No. C09-4198 SBA, 2010 WL 841669, at *7 (N.D. Cal. Mar. 10, 2010) (dismissing unfair competition claim when "[t]he amended complaint fails to identify which prongs of the UCL form the basis of this claim and fails to allege any particular facts in support thereof.").

At the outset, it is unclear whether Plaintiff intends to allege a claim of unfair competition against Runnels, WWE, and Fanatics, or if Plaintiff meant to allege state trademark infringement under Section 14245(a)(1) of California's Business & Professional Code, as the words "unfair competition" and "unfair business practice" do not appear in the pleadings. That said, even if Plaintiff is alleging unfair competition in violation of the UCL, Plaintiff has failed to allege which specific prong of the UCL is underlying the unfair competition claim. Plaintiff's claim under the UCL thus fails on this basis alone.

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Plaintiff's UCL claims fail for a second, independent reason. To have standing to bring a UCL claim, a plaintiff must specifically: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, economic injury, and (2) show that that economic injury was the result of, *i.e.*, caused by, the unfair business practice ... that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322, 120 Cal. Rptr. 3d 741, 246 P.3d 877 (Cal. 2011) (emphasis in original); Cal. Bus. & Prof. Code § 17204. As the California Supreme Court has noted, "[t]here are innumerable ways in which economic injury from unfair competition may be shown." *Kwikset Corp.*, 51 Cal. 4th at 323. But a mere "conclusory and vague assertion that [a plaintiff] 'lost money'" is insufficient to state a claim. *Amara v. Nationstar Mortg. LLC*, No 5:19-cv-01153-AB (SSx), 2020 U.S. Dist. LEXIS 259078, 2020 WL 11648206, at *18 (C.D. Cal. Mar. 16, 2020); *see also Day v. Cal. Lutheran Univ.*, No. 22-55825, 2023 U.S. App. LEXIS 19760, 2023 WL 4893650, at *2 (9th Cir. Aug. 1, 2023) ("[A]llegation that [plaintiff] 'lost money' in the form of 'compensation' is conclusory, and without more, insufficient to establish standing to pursue her UCL claim."). Rather, a plaintiff must plead "specific facts showing how he was economically injured." *Pitre v. Wal-Mart Stores, Inc.*, No. 8:17-cv-01281-DOC (DFMx), 2017 U.S. Dist. LEXIS 224472, 2017 WL 11093619, at *4 (C.D. Cal. Nov. 8, 2017).

Here, Plaintiff has not alleged any specific economic injury at all, such as lost sales or profits. At most, Plaintiff vaguely asserts that Defendants' use of the words "American Nightmare" has "harmed" Plaintiff, resulting in damage to Plaintiff. *See* FAC, ¶¶ 112, 127, 128, 136, 137, 147, 156. These conclusory statements  are not sufficient to establish that Plaintiff has standing to bring a claim for unfair competition under the UCL. Plaintiff's fifth cause of action should, therefore, be dismissed.

Separately, to the extent Plaintiff meant to plead state trademark infringement in violation of Section 14200, *et. seq.*, of California's Business and Professional Code, or otherwise meant to use state trademark infringement as the underlying theory for

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT   CASE NO. 2:24-CV-07516- AB(MARX)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Plaintiff's UCL claim, the Court should still dismiss Count V of the FAC. Section 14245(a)(l), which is part of the Model State Trademark Law, relates to state trademarks issued by the California Secretary of State. Section 14245(a)(l) provides, in relevant part:

> (a) A person who does any of the following shall be subject to a civil action by ***the owner of the registered trademark***, and the remedies provided in Section 14250:
>
> (1) Uses, without consent ***of the registrant***, any reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter in connection with the sale, distribution, offering for sale, or advertising of goods or services on or in connection with which the use is likely to cause confusion or mistake, or to deceive as to the source of origin of the goods or services.

Cal. Bus. & Prof. Code § 14245(a)(1) (emphasis added). "Registrant" is defined in the Model State Trademark Law as "the person to whom the registration of a mark ***under this chapter*** is issued…." *Id*. at § 14202(g) (emphasis added). Thus, Section 14245(a)(1) only relates to infringement of state trademark registrations.

Here, the FAC completely fails to allege Plaintiff is a registrant of a California state trademark. As such, Plaintiff fails to state any claim under § 14245(a)(l) of the Model State Trademark Law, which applies only to state trademark registrations. *Tart Optical Enterprises, LLC v. Light Co., Ltd.*, No. 16-cv-08061, 2017 WL 5957729 at *10 (C.D. Cal. May 1, 2017) (requiring allegation that plaintiff is "a registrant of California state trademarks" to state a claim under Cal. Bus. & Prof. Code § 14245). Therefore, Plaintiff's failure to allege facts that he owns a California state trademark registration requires dismissal of any purported state trademark infringement claim under Cal. Bus. & Prof. Code § 14245. *Roseville Fullerton Burton Holdings, LLC v. SoCal Wheels, Inc.*, No. SACV141954JLSJCGX, 2016 WL 6159014 (C.D. Cal. May 20, 2016) (granting motion to dismiss § 14245 claim where plaintiff failed to allege

19

state trademark registration); *Dream Marriage Grp. Inc. v. Anastasia Int'l, Inc.*, No.
10-cv-05034, 2010 WL 4346111, at *1 (C.D. Cal. Oct. 27, 2010) (granting motion to
dismiss infringement claim under § 14245).

**E.    No Amendment Can Salvage Plaintiff's Deficient Causes of Actions.**

While courts favor granting leave to amend, futility of amendment can, by itself,
provide a court with basis for denying leave to amend. *Bonin*, 59 F.3d at 845. Indeed,
if no amendment would allow the complaint to withstand dismissal as a matter of law,
courts consider amendment to be futile. *See Moore*, 885 F.2d at 538-39. Here, Plaintiff,
even if granted leave to amend, will be unable to salvage Count II (inducing breach of
contract) and Count III (intentional interference with contract) because Plaintiff can
point to no specific facts that demonstrate (i) that a breach of the actual Agreement
occurred; or (ii) that even if a breach occurred, WWE and Fanatics knew of the
Agreement in sufficient time to induce said breach or otherwise interfere with the
Plaintiff's contractual relationship with Runnels. With regard to Count IV (federal
trademark infringement) and Count V (common law trademark infringement), Plaintiff,
even if granted leave to amend, will be unable to demonstrate that any use of the
Runnels Mark was unauthorized under the plain terms of the Agreement. And finally,
with respect to Count V (state trademark infringement), no amendment can salvage
Plaintiff's purported state trademark infringement claim as Plaintiff will be unable to
demonstrate he owns a valid and subsisting California state trademark registration.

///
///
///
///
///
///
///
///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

IV.  **<u>CONCLUSION</u>**

For all the reasons detailed herein, Defendants respectfully requests an order dismissing Counts II-V of Plaintiff's FAC, with prejudice.


Dated:  November 22, 2024          HOLLAND & KNIGHT LLP


                                    */s/ Stacey H. Wang*
                                   Stacey H. Wang
                                   Danielle N. Garno

                                   *Attorneys for Defendants WWE and Fanatics*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT   CASE NO. 2:24-CV-07516- AB(MARX)

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendants World Wrestling Entertainment, LLC, and Fanatics LLC, certifies that this brief contains 6,737 words, which complies with the word limit of L.R. 11-6.1.


Dated:  November 22, 2024

*/s/ Stacey H. Wang*
Stacey H. Wang

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

DEFENDANTS' MOTION TO DISMISS COUNTS II-V
IN PLAINTIFF'S FIRST AMENDED COMPLAINT    CASE NO. 2:24-CV-07516- AB(MARX)