HOLLAND & KNIGHT LLP
Stacey H. Wang (SBN 245195)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Facsimile: 213.896.2450
E-mail: stacey.wang@hklaw.com

DANIEL EBELING MACCIA AND COHEN, LLP
Danielle N. Garno (SBN 208809)
120 Vantis, Suite 300
Aliso Viejo, California 92656
Telephone: 310.614.9768
E-mail: dgarno@demclaw.com

Attorneys for Defendants World Wrestling Entertainment, LLC, and Fanatics, LLC

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESLEY EISOLD, an individual,

Plaintiff,

vs.

CODY GARRETT RUNNELS, an individual, WORLD WRESTLING ENTERTAINMENT, LLC, a limited Liability company; and FANATICS, LLC, a limited liability company,

Defendants.

Case No.: 2:24-CV-07516-AB(MARx)
[*Hon. André Birotte Jr.*]

**DEFENDANTS WORLD WRESTLING ENTERTAINMENT, LLC AND FANATICS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS II-V OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[FED. R. CIV. P. 12(B)(6)]**

Date: Aug. 8, 2025
Time: 10:00 A.M.
Ctrm: 7B

///

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on August 8, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable André Birotte Jr. in Courtroom 7B, located at the U.S. District Court for the Central District of California at 350 West First Street, Los Angeles, California 90012, Defendants World Wrestling Entertainment, LLC ("WWE") and Fanatics, LLC ("Fanatics") (WWE and Fanatics are hereinafter referred to, together, as "Defendants"), will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing, with prejudice, the Second through Fifth Counts[1] alleged in Plaintiff Wesley Eisold's ("Plaintiff") Second Amended Complaint ("SAC") [Dkt. 34].

This Motion is brought on the following grounds:

Count II: Plaintiff fails to state a claim against Defendants for inducing breach of contract because Plaintiff (a) fails to allege an actual breach of the March 14, 2021, Settlement and Coexistence Agreement between Runnels and Plaintiff (the "Agreement"); and (b) merely recites the formal elements of the claim without supporting those elements with non-conclusory or non-speculative facts.

Count III: Plaintiff fails to state a claim against Defendants for intentional interference with contractual relations because Plaintiff fails to sufficiently allege that WWE and Fanatics intentionally interfered with Plaintiff's underlying contractual relationship with Runnels.

Count IV: Plaintiff fails to state a claim against Defendants for Federal Trademark Infringement under 15 U.S.C. § 1114 because any use of the "AMERICAN NIGHTMARE" trademark by Defendants

[1] Defendants' Motion to Dismiss does not address Count I of Plaintiff's SAC as Count I is plead solely against Cody Runnels and not WWE or Fanatics.

was authorized by, and in compliance with, the plain terms of the Agreement.

Count V: Plaintiff fails to state a claim under Section 17200, et seq. of the California Business & Professional Code ("UCL"). The UCL only provides for equitable relief where a plaintiff has no adequate remedy at law. However, Plaintiff fails to allege that the inducement and intentional interference claims (the only claims Plaintiff contends form the basis for a UCL violation by WWE and Fanatics) do not provide an adequate remedy at law. Additionally, Plaintiff's claims under each individual UCL prong also fail because (a) common law violations are, on their own, insufficient to establish a violation of the UCL's "unlawful" prong; (b) Plaintiff does not identify any antitrust law – or any policy or spirit of such a law – that WWE and Fanatics' conduct violates, as is required under the UCL's "unfair" prong; and (c) Plaintiff does not allege any facts against WWE and Fanatics that satisfy the heightened pleading standard for fraud, as required under the UCL's "fraudulent" prong.

This Motion to Dismiss is based on this Notice, along with the accompanying Memorandum of Points and Authorities and Requests for Judicial Notice, the Declaration of Stacey H. Wang, and all pleadings, papers, and other documentary materials in the Court's file for this action.

This motion is made after the conferences of counsel pursuant to this Court's Standing Order and Local Rule 7-3, the last of which took place through a zoom conference on July 3, 2025, as outlined in the accompanying declaration of counsel.

///

///

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Dated: July 11, 2025

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Stacey H. Wang*
Stacey H. Wang

DANIEL EBELING MACCIA AND COHEN, LLP

*/s/ Danielle N. Garno*
Danielle N. Garno

*Attorneys for Defendants World Wrestling Entertainment, LLC; and Fanatics, LLC*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

3

MOTION TO DISMISS COUNTS II-V IN SAC

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1
II. BACKGROUND .......... 3
A. WWE's Business and Cody Runnels .......... 3
B. The Runnels Mark and its Corresponding Service Mark Application .......... 4
C. The Agreement Between Runnels and Plaintiff .......... 4
III. LEGAL STANDARD GOVERNING DISMISSAL .......... 5
IV. ARGUMENT .......... 7
A. Plaintiff Fails to State a Claim for Inducing Breach of Contract (Count II) .......... 7
1. Plaintiff Fails To Plead A Breach Of The Agreement .......... 7
2. Plaintiff Formulaically Recites The Claims' Elements .......... 11
B. Plaintiff Fails to State a Claim for Intentional Interference with Contractual Relations (Count III) .......... 14
C. Plaintiff Fails to State a Claim for Federal Trademark Infringement (Count IV) .......... 15
D. Plaintiff Fails to State a Claim Under the UCL (Count V) .......... 17
1. Plaintiff Has Not Established a Remedy at Law is Inadequate .......... 17
2. Plaintiff Fails to State a Claim for Relief Under Any of the UCL's Prongs .......... 18
V. CONCLUSION .......... 20

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733 (9th Cir. 2008) ........ 7

*Agency Y LLC v. DFO Glob. Performance Com. Ltd.*, No. SACV201716JVSKESX, 2021 WL 2791616 (C.D. Cal. Apr. 22, 2021) ........ 16

*AK Futures LLC v. TBH Supply LLC*, No. 823CV01030JVSADSX, 2023 WL 8351565 (C.D. Cal. Nov. 3, 2023) ........ 18-19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 5, 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........ *passim*

*Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009) ........ 17

*Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995) ........ 6

*Brophy v. Almanzar*, No. SACV1701885CJCJPRX, 2019 WL 10837404 (C.D. Cal. Aug. 22, 2019) ........ 11

*Cachet Fin. Servs. v. Everest Nat'l Ins. Co.*, No. 2:23-CV-03455-SPG, 2023 WL 9319255 (C.D. Cal. Nov. 22, 2023) ........ 9

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ........ 5

*Catena v. Capitol Recs., LLC*, No. CV1200806MMMJCX, 2012 WL 12942740 (C.D. Cal. July 11, 2012) ........ 10

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163 (1999) ..... 17

*City of L.A. v. San Pedro Boat Works*, 635 F.3d 440 (9th Cir. 2011) ..... 7

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ..... 6

*Foundry IV Inc. v. Hard Carry Gaming Inc.*, No. CV 23-2690-KK-MARX, 2024 WL 211010 (C.D. Cal. Jan. 3, 2024) ..... 19

*Halo Unlimited v. Anthem Blue Cross Life & Health Ins. Co.*, No. SA CV20-00399-JAK, 2024 WL 4404954 (C.D. Cal. Apr. 18, 2024) ..... 12, 13

*Heredia v. MTK Glob. Sports Mgmt., LLC*, No. 5:20-CV-02618-JWH-KKX, 2022 WL 1521890 (C.D. Cal. Apr. 11, 2022) ..... 14

*JS Led Tech. Corp. v. Zhang*, No. CV1402250RGKPJWX, 2014 WL 12561075 (C.D. Cal. Aug. 7, 2014) ..... 16

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ..... 19

*Keen Consulting Grp. v. Rugged Events Holdings, LLC*, No. 5:19-CV-00654-R-KK, 2019 WL 6646701 (C.D. Cal. July 11, 2019) ..... 15

*Khan v. Google, LLC*, No. 2:22-CV-02333-MEMF-AS, 2024 WL 5220884 (C.D. Cal. Dec. 24, 2024) ..... 7

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ..... 6

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d (9th Cir. 1989) ..... 6

*Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, No. CV 18-6437-MWF (ASX), 2018 WL 6444899 (C.D. Cal. Nov. 16, 2018) ..... 15

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*,
73 Ohio St.3d 107 (Ohio 1995) .......... 10

*Noory v. Camden Dev., Inc.*,
No. CV2001767ABGJSX, 2020 WL 6594986 (C.D. Cal. June 24, 2020) .......... 17, 18

*Pesayco v. World Sav., Inc.*,
No. CV 09-3926-GHK, 2009 U.S. Dist. LEXIS 73299 (C.D. Cal. July 29, 2009) .......... 12

*Qureshi v. Countrywide Home Loans, Inc.*,
No. C09-4198 SBA, 2010 WL 841669, at *7 (N.D. Cal. Mar. 10, 2010) .......... 18

*Shamblin v. Berge*,
166 Cal. App. 3d 118 (1985) .......... 7

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010) .......... 18

*Tera, L.L.C. v. Rice Drilling D, L.L.C.*,
176 Ohio St. 3d 505 (2024) .......... 10

*U.S. v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 6, 8

*Upper Deck Co. v. Panini Am., Inc.*,
533 F. Supp. 3d 956 (S.D. Cal. 2021) .......... 9

*In re Verifone Sec. Litig.*,
11 F.3d 865 (9th Cir. 1993) .......... 6

*William O. Gilley Enters., Inc. v. Atl. Richfield Co.*,
588 F.3d 659 (9th Cir. 2009) .......... 15

*X Corp. v. Ctr. for Countering Digital Hate, Inc.*,
No. 23-CV-03836-CRB, 2024 WL 1246318 (N.D. Cal. Mar. 25, 2024) .......... 14

*Yagman v. Galipo*,
No. CV 12-7908-GW SHX, 2013 WL 4414849 (C.D. Cal. Aug. 15, 2013) .......... 13, 15

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Yahoo Inc. v. Nat'l Union Fire Ins. Co. etc.*, 14 Cal. 5th 58 (2022) ........ 10

*Yang v. Dar Al-Handash Consultants*, 250 Fed. Appx. 771 (9th Cir. 2007) ........ 6

*Yokohama Rubber Co. v. S. China Tire & Rubber Co.*, No. CV04-1866GHKPLAX, 2005 WL 6124310 (C.D. Cal. Jan. 19, 2005) ........ 6

**Statutes**

15 U.S.C. § 1114 ........ 16

Cal. Bus. & Prof. Code § 17200 ........ 17

**Other Authorities**

Rule 8 ........ 14

Rule 9(b) ........ 19

Rule 12(b)(6) ........ 5

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# I. INTRODUCTION

This case arises from a Settlement and Coexistence Agreement between Plaintiff and Defendant Cody Runnels ("Runnels") dated March 14, 2021 (the "Agreement") resolving a dispute over, *inter alia* and relevant here, use of the term "American Nightmare" on apparel. *See* SAC [Dkt. 34], Exhibit 4. Years later, Plaintiff now attempts to pull Defendants World Wrestling Entertainment, LLC ("WWE") and Fanatics, LLC ("Fanatics") (together, "Defendants") into his contract dispute with Runnels, using allegations based on suspicions rather than facts to seek a windfall settlement against deep pockets. Despite amending his complaint after Defendants filed their first motion to dismiss [Dkt. 26], Plaintiff's SAC suffers from the same defects as his prior complaint. Accordingly, Defendants should be dismissed from this case with prejudice.

Plaintiff's claim for inducing breach (Count II) against Defendants fails as he does not plausibly allege a breach of the Agreement, much less that WWE and Fanatics acted with intent to induce said breach. Plaintiff defines the allegedly infringing "Runnels Apparel" as the eight products[2] described in Exhibit 6 to the SAC, each of which complies with the Agreement. *See* SAC [Dkt. 34], ¶48. As such, there is no plausible allegation of breach. And rather than conducting any sort of diligence in response to Defendants' representation in their first motion to dismiss that they did not know about the Agreement until shortly before this action was filed, Plaintiff simply concocts an entirely unfounded and speculative story, apparently hoping to increase

---

[2] *See* SAC [Dkt. 34], ¶48. Because Plaintiff only provided notice that the eight specific products identified in Exhibit 6 are allegedly infringing, and does not include Exhibit 5 (which mentions a ninth product, *see* SAC [Dkt. 34], ¶53) or that these are intended to be representative samplings, this Court should limit the claim to those eight specific products. *See, e.g., La Terra Fina USA, LLC v. Reser's Fine Foods, Inc.*, No. 3:23-CV-02631-JSC, 2024 WL 874110, at *2 (N.D. Cal. Feb. 29, 2024) (finding no factual allegations that plausibly support an inference that some unidentified products of Defendant are infringing); *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, No. CV 22-7199-MWF (EX), 2023 WL 5504964, at *6 (C.D. Cal. July 10, 2023) (plaintiff did not identify which of defendant's products were allegedly infringing plaintiff's marks).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

litigation expense and impugn the reputation of Defendants. This kind of baseless pleading violates the fundamental principle that factual allegations must be made with evidentiary support or, at minimum, with the good faith belief that the allegations will have evidentiary support in discovery. Plaintiff's claimed inference that Defendants "must have had" knowledge of the Agreement based on the underlying Trademark Trial and Appeal Board proceeding is not supported by that record (in which no settlement was ever disclosed).

Plaintiff's intentional interference claim (Count III) fares no better, as the "interference" Plaintiff alleges is that Defendants induced Runnels to breach the Agreement. The SAC contains no specific information or facts to plausibly support Plaintiff's conclusory and speculative allegations on this claim either.

Plaintiff's claim for federal trademark infringement (Count IV) fails to plausibly allege any unauthorized use of the Runnels Mark. Plaintiff consented to such use by Runnels, Runnels' licensees (e.g., WWE) and sub-licensees (e.g., Fanatics) in the Agreement and there are no allegations sufficient to support a claim of unauthorized use. Thus, there is no infringement.

Plaintiff's final claim under the Unfair Competition Law ("UCL") (Count V) fails because (i) Plaintiff cannot show he lacks an adequate remedy at law; and (ii) Plaintiff's claims under each individual UCL prong fail because (a) common law violations are, on their own, insufficient to establish a violation of the UCL's "unlawful" prong; (b) Plaintiff does not identify any relevant antitrust law or policy that WWE and Fanatics' conduct violates, as is required under the UCL's "unfair" prong; and (c) Plaintiff does not allege any facts against WWE and Fanatics that satisfy the heightened pleading standard for fraud, as required by the "fraudulent" prong.

Having amended his complaint already, Plaintiff's SAC demonstrates that he cannot cure his defective theories against WWE and Fanatics, and at this point Defendants should be dismissed with prejudice.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## II. BACKGROUND

### A. WWE's Business and Cody Runnels

WWE is a media and entertainment company that has been in the sports wrestling business for approximately four decades. Over the years, WWE has sold, and continues to sell, various apparel products through its own stores and at live wrestling events, as well as through its sublicensees such as Fanatics. WWE's products (including the products at issue here) are specifically marketed to consumers in the tight-knit wrestling community and, as such, contain valuable and easily recognizable wrestling-related indicia, such as WWE's distinctive trademarks.

WWE owns common law rights and hundreds of U.S. and international applications and registrations for "WWE" marks that contain WWE in typed or stylized form and with or without design elements (collectively, the "WWE Marks"). The WWE Marks include, but are not limited to, (a) WWE standard character and design marks, subject of incontestable U.S. Reg. Nos. 3538710 and 4625255, for clothing products in Class 25; (b) WWE standard character and design marks, subject of incontestable U.S. Reg. Nos. 3412176 and 4689835, for, *inter alia*, retail store services and online retail services in Class 35; and (c) WWE standard character and design marks, subject of incontestable U.S. Reg. Nos. 2772683, 4538210, and 4689839 for, *inter alia*, wrestling-related entertainment services in Class 41. *See* Defendants' Request for Judicial Notice ("RJN") No. 1 & Exhibit A; *see also* Declaration of Stacey Wang ("Wang Decl."), ¶8.

WWE's products also include images of WWE's iconic wrestlers, such as Runnels, who goes by the pseudonym "Cody Rhodes" and who, at the time this action was filed, reigned as the "Undisputed WWE Champion." In memory of his late father (who was a pro wrestler known as the "The American Dream"), Runnels adopted the stage name "The American Nightmare," which wrestling fans have come to directly associate with the wrestling champion.

**B.     The Runnels Mark and its Corresponding Service Mark Application**

On March 10, 2019, Runnels filed an application to register the service mark THE AMERICAN NIGHTMARE (the "Runnels Mark") for wrestling-related entertainment services in Class 41 (U.S. Application Serial No. 88,333,305). *See* SAC [Dkt. 34], ¶32. On August 21, 2019, Plaintiff filed a Notice of Opposition at the Trademark Trial and Appeal Board ("TTAB") (assigned TTAB Proceeding No. 91250336), objecting to registration of the Runnels Mark on the basis that it is confusingly similar to Plaintiff's mark (the "Eisold Mark"), subject of U.S. Registration No. 5,089,055. *See* SAC [Dkt. 34], ¶¶20, 33-34. Plaintiff allegedly sells his clothing products under the Eisold Mark to a specific class of consumers comprised of fans of his band and those who love counterculture and punk rock clothing. *See* SAC [Dkt. 34], ¶23. On September 30, 2019, Runnels filed an answer to Plaintiff's Notice of Opposition and counterclaimed to cancel Plaintiff's registration for the Eisold Mark on the basis of fraud. *See* SAC [Dkt. 34], ¶34.

**C.     The Agreement Between Runnels and Plaintiff**

On March 14, 2021, to resolve their TTAB dispute, Plaintiff and Runnels entered into the Agreement which lies at the heart of this case. *See* SAC [Dkt. 34], ¶¶35, Exhibit 4. In the Agreement, Plaintiff expressly (i) consented to registration of the Runnels Mark for the Class 41 wrestling-related entertainment services identified in U.S. Application Serial No. 88,333,305 (the "Runnels Services") and (ii) agreed that he would not oppose, seek to cancel, or otherwise interfere with the resulting registration that issued thereafter (*i.e.*, U.S. Registration No. 6,397,093). *See* SAC [Dkt. 34], Exhibit 4, Section 1(a). Further, Section 1(b) of the Agreement provided that:

> Eisold further consents to Runnels' use (but not registration) of the Runnels Mark in connection with clothing apparel in International Class 025 promoting the Runnels Goods and Services (collectively, the "Runnels Apparel") with the express condition that all uses of the Runnels Mark ***on or in connection with*** the Runnels Apparel (and on any Runnels-controlled

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

websites, e-commerce pages, social media pages, advertisement, or other outlet used to sell or promote the Runnels Apparel) must contain, and be alongside the following, to appear in reasonably-placed and sized prominence as compared with the Runnels Mark (i.e. 75% or larger size as compared to the Runnels Mark):

(i) Runnels' name (*i.e.*, Cody Rhodes); or

(ii) Runnels' name and likeness; or

(iii) Substantial indicia indicating association with wrestling (*e.g.*, the AEW[3] company logo).

*See* SAC [Dkt. 34], Exhibit 4, Section 1(b) (emphasis added).

The Agreement further provides that it shall inure to the benefit of the parties and their respective "principals, owners, successors, assigns, ***licensees***, affiliates, ***and all others acting by or through them or with or under their direction or in privity with them***." *See* SAC [Dkt. 34], Exhibit 4, Section 7(c) (emphasis added); *see also* SAC [Dkt. 34], ¶42. By virtue of Sections 7(c) and 1(b), then, both WWE (a licensee of Runnels) and Fanatics (WWE's licensee) are beneficiaries of Plaintiff's consent. The Agreement thus specifically authorized WWE (and by extension, Fanatics) to use and sublicense the Runnels Mark for apparel products, provided such use was at least in connection with the "reasonably-placed and sized prominence" (at least 75% or larger than the Runnels Mark) display of (i) Runnels' name; or (ii) Runnels' name and likeness; or (iii) substantial indicia indicating association with wrestling. *See* SAC [Dkt. 34], Exhibit 4, Section 1(b).

## III. LEGAL STANDARD GOVERNING DISMISSAL

Under Rule 12(b)(6), a complaint should be dismissed if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

[3] The Agreement references the "AEW logo" as one example of wrestling-related indicia since, at that time, Runnels wrestled for All Elite Wrestling.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). When determining whether an inference is plausible, courts will "'draw on judicial experience and common sense,'" while also considering any "'obvious alternative explanation[s][.]'" *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 567) (internal citations and quotations omitted). To this end, a pleading that is "'merely consistent with' a defendant's liability" is insufficient. *Id*. (citing *Twombly*, 550 U.S. at 557). Neither are facts creating a suspicion that claims exist. *Twombly*, 550 U.S. at 555.

While a complaint is to be construed in the light most favorable to the nonmoving party, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Indeed, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). Courts should not "assume that 'the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged.'" *Yokohama Rubber Co. v. S. China Tire & Rubber Co.*, No. CV04-1866GHKPLAX, 2005 WL 6124310, at *1 (C.D. Cal. Jan. 19, 2005) (quoting *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)). Nor should courts blindly accept allegations in the pleadings as true if these allegations are contradicted by (1) exhibits to the non-moving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that can be judicially noticed. *See, e.g., U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court properly considers materials forming the basis of the complaint); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (judicial notice); *Yang v. Dar Al-Handash Consultants*, 250 Fed. Appx. 771, 772 (9th Cir. 2007).

Ultimately, when a complaint fails to state a claim for relief, this deficiency should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). And if leave to amend would be futile, the court can deny leave to amend and dismiss the case. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d, 815, 538-39 (9th Cir. 1989). Leave to amend may also be denied for a plaintiff's failure to cure deficiencies by prior amendment. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("But 'the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'") (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## IV. ARGUMENT

### A. Plaintiff Fails to State a Claim for Inducing Breach of Contract (Count II)

To state a cause of action for inducing breach of contract, a plaintiff must allege: (1) the existence of a valid and existing contract with a third party; (2) that the defendant had knowledge of this contract; (3) that the defendant intended to induce a breach of the contract; (4) that the underlying contract was, in fact, breached by the contracting party resulting in injury to the plaintiff; and (5) that the breach and resulting injury was proximately caused by the defendant's unjustified and wrongful conduct. *See Khan v. Google, LLC*, No. 2:22-CV-02333-MEMF-AS, 2024 WL 5220884, at *5 (C.D. Cal. Dec. 24, 2024); *see also Shamblin v. Berge*, 166 Cal. App. 3d 118, 122 (1985). Plaintiff fails to adequately plead this cause of action for at least two reasons.

#### 1. *Plaintiff Fails To Plead A Breach Of The Agreement*

The crux of Plaintiff's breach claim is the contention that the Runnels Apparel, defined as the products displayed in Exhibit 6, fail to satisfy the requirements in Section 1(b) of the Agreement. *See* SAC [Dkt. 34], ¶48 ("Pictures of the Runnels Apparel are

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

attached as Exhibit 6"). As discussed below, these products (as well as a ninth product described in Exhibit 5) do comply with the Agreement. As such, the allegations in the SAC do not constitute a breach. *See* SAC [Dkt. 34], ¶¶35-42.

a. <u>The Products Include Substantial Wrestling-Related Indicia</u>

A review of the Exhibit 6 products reveals the futility of Plaintiff's claims of breach. *See Ritchie*, 342 F.3d at 908 (court properly considers materials forming basis of the complaint). Here, each of the eight products included in Exhibit 6 of Plaintiff's SAC overwhelmingly includes substantial indicia indicating an association with wrestling, which is permitted by the Agreement as an authorized use. For example, each product prominently includes Runnel's "Skull Mark":

| Mark | Goods and Services | Date of First Use | Current Status |
|---|---|---|---|
| Reg. No. 6256132<br>Filed: June 26, 2020<br>Registered: Jan. 26, 2021<br>No Color Claim | <u>Class 25</u>: bandanas; hats; shirts; sweatshirts; ties as clothing; hooded sweatshirts<br><br><u>Class 41</u>: entertainment in the nature of wrestling contests; entertainment services, namely, live appearances by a professional wrestling and sports entertainment personality; entertainment services, namely, personal appearances by a professional wrestler and sports entertainment personality; entertainment services, namely, wrestling exhibits and performances by a professional wrestler and entertainer; providing wrestling news and information via a global computer network; providing online interviews featuring a professional wrestler and sports entertainer in the field of professional wrestling and sports entertainment for entertainment purposes | Class 25: Jul. 2018<br><br>Class 41: Aug. 2018 | Registered |

*See* RJN No. 2, Exhibit B. As a result of Runnels' consistent use since at least as early as 2018 (and subsequent registration) of his Skull Mark on and/or in connection with his various wrestling-related apparel products in Class 25, along with his actual wrestling services in Class 41, consumers have become accustomed to associating the Skull Mark with not only wrestling (as an indicia of wrestling), but with a single source— Runnels. *See* RJN No. 2, Exhibit B. The prominent inclusion of Runnels' Skull Mark (a mark directly covering wrestling services) on each of the products listed in Exhibit 6, especially when compared in size to any use of the words "American Nightmare," demonstrates that the Agreement was not breached since they are at least

75% or more of the size of the "American Nightmare" text.

Each product identified in the SAC also includes WWE's federally and internationally registered WWE Marks. *See* SAC [Dkt. 34], Exhibit 5 and Exhibit 6.[4] The widespread inclusion of the world famous WWE Marks – source indicators that consumers directly associate with WWE and wrestling worldwide – on the relevant products further demonstrate compliance with the Agreement. *See* SAC [Dkt. 34], Exhibit 6. This can be plainly seen in Annex 1 attached hereto, in which these elements of the relevant products are highlighted for the Court for ease of review.

b. <u>The Products Are Sold "In Connection With" Substantial Wrestling-Related Indicia and Runnels' Name and Likeness</u>

In addition to the fact that Exhibit 6 (and Exhibit 5) products plainly comply with the Agreement by having WWE marks on these products in larger than the required size as discussed above, Defendants have alternatively complied[5] with the Agreement by providing prominent substantial indicia of wrestling when using the Runnels Mark "***in connection with***" the Runnels Apparel (and on any websites, e-commerce pages, social media pages, advertisements, or other outlets used to sell or promote the Runnels Apparel). *See* SAC [Dkt. 34], Exhibit 4 §1(b) (emphasis added).

To the extent that Plaintiff argues that Runnels' name, Runnels' name and likeness; and/or substantial wrestling-related indicia must always appear only *on* the actual apparel itself, such an interpretation is not supported by the Agreement's plain language, which Plaintiff's counsel drafted. "The starting point for interpreting ***any*** contract . . . is the plain language of the agreement." *Cachet Fin. Servs. v. Everest Nat'l Ins. Co.*, No. 2:23-CV-03455-SPG, 2023 WL 9319255, at *4 (C.D. Cal. Nov. 22, 2023) (emphasis added). "'If contractual language is clear and explicit, it governs.'" *Upper*

---

[4] Exhibit 5, which is not included in the scope of "Runnels Apparel" (Dkt 34, Exhibit 5), includes a prominent image of Runnels' dog, which consumers directly associate with Runnels and his wrestling career. *See* RJN No. 5, Exhibit E.

[5] As discussed *infra*, though the Defendants did not have knowledge of the Agreement, WWE (and in turn, Fanatics, as WWE's licensee) relied on Runnels to approve each product design.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Deck Co. v. Panini Am., Inc.*, 533 F. Supp. 3d 956, 966 (S.D. Cal. 2021) (citing *Bank of the West*, 2 Cal. 4th at 1264). And "'[a] party's assertion of ambiguity does not require the district court to allow additional opportunities to find or present extrinsic evidence'" if the court, after considering the contract language along with the parties arguments and evidence, determines the language is reasonably susceptible to only one interpretation. *Catena v. Capitol Recs., LLC*, No. CV1200806MMMJCX, 2012 WL 12942740, at *3 (C.D. Cal. July 11, 2012) (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1017 (9th Cir. 2012)). Further, in assessing contractual language, courts will favor an interpretation that gives meaning to each word in a contract. *Yahoo Inc. v. Nat'l Union Fire Ins. Co. etc.*, 14 Cal. 5th 58, 69 (2022).[6]

The Agreement's relevant language, set forth more fully on page 5, *supra*, requires "that all uses of the Runnels Mark ***on or in connection with*** the Runnels Apparel (and on any Runnels-controlled websites, e-commerce pages, social media pages, advertisement, or other outlet used to sell or promote the Runnels Apparel) must contain, and be alongside the following, to appear in reasonably-placed and sized prominence as compared with the Runnels Mark (i.e. 75% or larger size as compared to the Runnels Mark): … (iii) Substantial indicia indicating association with wrestling …." *See* SAC [Dkt. 34], Exhibit 4, §1(b) (emphasis added). Plainly read, all "uses of the Runnels Mark on or in connection with Runnels Apparel" (i.e., alternatively)[7] "must contain, and be alongside the following" three alternative requirements, the last of which is "substantial indicia" of wrestling.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

---

[6] For purposes of this Motion to Dismiss only, Defendants analyze contract interpretation under California law. The same result follows if Ohio law is applied to the Agreement. *See, e.g., Tera, L.L.C. v. Rice Drilling D, L.L.C.*, 176 Ohio St. 3d 505, 509 (2024) (interpretation is a matter of law where a contract in dispute is clear and unambiguous); *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995).

[7] The word "or" functionally means "alternative." *See* Merriam-Webster, *Or*, https://www.merriam-webster.com/dictionary/or (last visited July 7, 2025).

Here, each of the products included in Exhibit 6 not only include substantial wrestling-related indicia on the products themselves as discussed above, but are also sold in connection with substantial wrestling-related indicia, as well as Runnels' name and likeness. Indeed, the products appear on WWE's online e-commerce website, which Plaintiff admits is used to sell or promote the Runnels Apparel. *See* SAC [Dkt. 34], Exhibit 6; SAC [Dkt. 34], ¶¶46, 49. The same is true for Exhibit 5. *See* SAC [Dkt. 34], Exhibit 5. At the point of sale, consumers are confronted with not only Runnels' stage name (Cody Rhodes) but also substantial wrestling-related indicia, including the WWE Marks. There can be no plausible argument that consumers could be confused, which is the entire point of these requirements. *See* SAC [Dkt. 34], Exhibit 4 at §4(b) (parties to "reasonably cooperate" to prevent a reoccurrence of any "instances of actual confusion" from Eisold and Runnel's use of their respective marks).

Further, the products at issue display Runnels' likeness, in further compliance with the Agreement. For example, Runnels has a prominent neck tattoo of the Skull Mark, which, by virtue of Runnels' worldwide popularity, has become widely recognized as part of his "likeness." *See, e.g., Brophy v. Almanzar*, No. SACV1701885CJCJPRX, 2019 WL 10837404, at *8 (C.D. Cal. Aug. 22, 2019) (tattoos can serve as part of someone's likeness, even if the tattoos are viewed separately from the individual's face); RJN No. 3, Exhibit C; RJN No. 4, Exhibit D. Each product listed in Exhibit 6 prominently features – by visual appearance at least, if not more than, 75% of the size of the Runnels Mark –Runnels' distinctive and unique Skull Mark tattoo, along with the "Cody Rhodes" wrestling name on either the product itself, or in connection with the product, such as in the product's title. SAC [Dkt. 34], Exhibit 6.

Accordingly, there is no plausible allegation of breach under a plain reading of the Agreement.

***2. Plaintiff Formulaically Recites The Claims' Elements***

Though Plaintiff had the opportunity to cure the pleading deficiencies raised by Defendants in their first motion to dismiss (*see, e.g.*, Dkt. 26 at 8-9), Plaintiff's

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

allegations in Count II of the SAC remain nothing more than a formulaic recitation of the elements for inducing breach of contract. And Plaintiff's allegations cannot survive a motion to dismiss when an entire set of facts, such as that underlying the required element of Defendant's knowledge, is dependent on the possibility of being adduced in discovery. *Twombly*, 550 U.S. at 555 ("[T]he pleading must contain something more . . . than . . . a statement of facts that ***merely creates a suspicion*** [of] a legally cognizable right of action") (alteration in original) (emphasis added)).

In this second attempt to plead the knowledge element of both the inducement and interference claims, Plaintiff generally claims "WWE and Fanatics knew of the settlement agreement." *See* SAC [Dkt. 34], ¶73. But Plaintiff fails to allege any plausible facts sufficient to support this contention or inference. Instead, in response to Defendants specifically telling Plaintiff that (a) WWE did not learn of the Agreement until receipt of the cease and desist letter just prior to the filing of this action (*see* [Dkt. 26], pp. 8-9); and (b) Fanatics did not learn about the Agreement until it was informed of it by WWE (not Plaintiff) shortly before this action as filed (*see* [Dkt. 26], pp. 8-9), Plaintiff apparently did no investigation to serve as a basis of any good faith factual allegations. *See Pesayco v. World Sav., Inc.*, No. CV 09-3926-GHK (FFMx), 2009 U.S. Dist. LEXIS 73299, at *11 (C.D. Cal. July 29, 2009) (claims should not be asserted in the absence of facts supported in good faith with evidentiary support); *Halo Unlimited v. Anthem Blue Cross Life & Health Ins. Co.*, No. SA CV20-00399-JAK (KESX), 2024 WL 4404954, at *17 (C.D. Cal. Apr. 18, 2024) (requiring a plaintiff include only good faith allegations that sufficiently state claims for relief). Instead, Plaintiff concocts a factually unfounded story they hope will be adduced in discovery, raising nothing more than a suspicion of the possibility that there may be a claim. *See, e.g.,* SAC [Dkt. 34], ¶¶51-52, 57; *Twombly*, 550 U.S. at 555.

To wit, Plaintiff alleges that WWE and Fanatics "must have known" about the Agreement because the underlying TTAB proceeding between Plaintiff and Runnels (assigned TTAB Proceeding No. 91250336) was suspended pending settlement

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

negotiations and eventually terminated after the parties stipulated to a withdrawal of their respective claims. *See* SAC [Dkt. 34], ¶51. However, such an inference cannot be drawn from the facts, as nothing in the TTAB's record, nor in the parties stipulated withdrawal of their respective claims, mentioned that the parties executed any settlement agreement, least of all one with continuing compliance obligations. *See* RJN No. 6, Exhibit F. Plaintiff cannot make such a claim in good faith without additional investigation, given Defendants' clear representations that they did not know of the Agreement until receiving the cease and desist letter from Plaintiff, given that Runnels himself approves all Runnel Apparel sold by WWE and Fanatics.[8] *See, e.g., Halo Unlimited*, 2024 WL 4404954, at *17 (requiring allegations be made in good faith).

Plaintiff's allegations as to Defendant's intentional conduct (the claim's third element) similarly falls short. Plaintiff simply states "WWE and Fanatics intentionally caused Runnels to breach the settlement agreement" (SAC [Dkt. 34], ¶52) and "WWE and Fanatics intentionally caused Runnels to breach his contract with Eisold" (SAC [Dkt. 34], ¶74). These conclusory statements are based solely on allegations as to what "discovery will likely reveal," not based on any plausible fact, rendering them nothing more than insufficient "suspicion." *See* SAC [Dkt. 34], ¶52; *Twombly*, 550 U.S. at 555.

Ultimately, Plaintiff has failed to plead facts to raise Defendants' alleged wrongful conduct above the speculative level, which constitutes insufficient fact pleading. *See Yagman v. Galipo*, No. CV 12-7908-GW SHX, 2013 WL 4414849, at *11 (C.D. Cal. Aug. 15, 2013) (citing *Twombly*, 550 U.S. at 558–59 and *William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (*Twombly* applies in all civil cases and that "a plaintiff's obligation requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action ... [F]actual allegations must be enough to raise a right to relief above the speculative level.")

[8] Nor can Plaintiff's contention that he sent three demand letters later in 2024 satisfy the knowledge requirement. None of these letters establish Defendants had knowledge of the Agreement's existence at or before the alleged breach in 2022. *See* SAC [Dkt. 34], ¶¶57-60.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

(internal quotations omitted)). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678. This Court should dismiss Count II against WWE and Fanatics with prejudice.

**B. Plaintiff Fails to State a Claim for Intentional Interference with Contractual Relations (Count III)**

Under California law, the elements of a claim for tortious interference with a contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Heredia v. MTK Glob. Sports Mgmt., LLC*, No. 5:20-CV-02618-JWH-KKX, 2022 WL 1521890 (C.D. Cal. Apr. 11, 2022) (citing *United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014)). While this claim is similar to the tort of inducing breach of contract, intentional interference with contractual relations protects against intentional acts that disrupt the relationship between the contractual parties, even if it does not result in a breach of the underlying contract. *See X Corp. v. Ctr. for Countering Digital Hate, Inc.*, No. 23-CV-03836-CRB, 2024 WL 1246318, at *26 (N.D. Cal. Mar. 25, 2024) (citing *Shamblin v. Berge*, 166 Cal. App. 3d 118, 122 (1985)). That said, where the only "interference" alleged is inducement to breach the underlying contract, the separate counts of interference with contractual relations and inducing breach of contract allege the same thing and rise and fall together. *Id.*

Here, the only interference alleged is that Defendants induced Runnels to breach the Agreement with Plaintiff. *See* SAC [Dkt. 34], ¶¶83-84. That is identical to the allegation Plaintiff uses to try to support his inducing breach of contract claim. Accordingly, Count III falls with Count II. *X Corp.*, 2024 WL 1246318, at *26.

In addition, this cause of action suffers from similar pleading deficiencies in that Plaintiff merely recites the claim's required legal elements or otherwise pleads speculatively on what discovery will hopefully reveal – and thus similarly raises nothing

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

more than insufficient "suspicion." *Twombly*, 550 U.S. at 555. Plaintiff only addresses the claim's second element – Defendants' purported knowledge of the contract – in a barebones fashion. *See* SAC [Dkt. 34], ¶¶51-52, 73, 82. As discussed in Section IV(A)(2), Plaintiff includes no facts that render his story plausible as opposed to merely conjectural. *See Yagman*, 2013 WL 4414849, at *11 (factual allegations in a complaint must raise a right to relieve above the speculative level); *William O. Gilley Enters.*, 588 F.3d at 668 (the well-pled facts must permit the court to infer more than a mere possibility of misconduct) (internal quotations and citations omitted).

With regard to the claim's third element, Plaintiff simply states that WWE's and Fanatics' intentional acts were designed to induce a breach or disruption of the Agreement. *See* SAC [Dkt. 34], ¶83. Plaintiff's contention that "WWE and Fanatics acted maliciously and intentionally to prevent, hinder, render more expensive, and made more difficult the performance of the settlement agreement, and they were certain or substantially certain that this would occur" (*see* SAC [Dkt. 34], ¶135), is conclusory and has no factual support. *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, No. CV 18-6437-MWF (ASX), 2018 WL 6444899 (C.D. Cal. Nov. 16, 2018) (citing *Arroyo v. Pfizer, Inc.*, No. C-12-4030 EMC, 2013 WL 415607, at *4 (N.D. Cal. Jan. 31, 2013) ("[a] complaint that offers naked assertions devoid of further factual enhancement 'stops short of the line between possibility and plausibility of entitlement to relief.'")); *see also Keen Consulting Grp. v. Rugged Events Holdings, LLC*, No. 5:19-CV-00654-R-KK, 2019 WL 6646701, at *5 (C.D. Cal. July 11, 2019) ("Plaintiffs have not pled facts supporting an inference that Defendants committed any intentional act designed to induce breach or disruption of the contract and they cannot rely on conclusory statements to meet that element.").

### C. Plaintiff Fails to State a Claim for Federal Trademark Infringement (Count IV)

To state a claim for federal trademark infringement under 15 U.S.C. § 1114, Plaintiff must allege he (1) "has a valid, protectable trademark, and (2) the defendant's

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

unauthorized use of a similar mark is likely to cause confusion." *JS Led Tech. Corp. v. Zhang*, No. CV1402250RGKPJWX, 2014 WL 12561075, at *3 (C.D. Cal. Aug. 7, 2014) (citing 15 U.S.C. § 1114) (emphasis added). Fatally, Plaintiff has failed to plead any unauthorized use of Plaintiff's trademark. Instead, and as the SAC emphasizes, the Agreement specifically authorized Runnels (and by extension WWE and Fanatics) to use and sublicense Runnels' trademark for apparel products, provided such use complies with Section 1(b). *See* SAC [Dkt. 34], Exhibit 4.

Specifically, Plaintiff does not plausibly allege that the eight products in Exhibit 6 (or in Exhibit 5, if considered) which comprise the defined term "Runnels Apparel" in the SAC, fail to comply with the express size requirements of the Agreement. Even if he did, however, each product overwhelmingly includes significant and substantial indicia indicating an association with wrestling, as well as extensive uses of Runnels' name and likeness, as discussed at length in Section III(A)(1). Accordingly, because Plaintiff's allegations fall short of alleging unauthorized use of Plaintiff's trademark as required to state a claim for trademark infringement under federal law, Plaintiff's claim must be dismissed with prejudice. *See Agency Y LLC v. DFO Glob. Performance Com. Ltd.*, No. SACV201716JVSKESX, 2021 WL 2791616, at *7 (C.D. Cal. Apr. 22, 2021) (dismissing a trademark infringement claim under 12(b)(6) as inconsistent with the parties' underlying contract). Given that Plaintiff has already had the opportunity to amend as to the scope of the accused products and did not do so, this claim should be dismissed with prejudice.[9]

[9] Though Plaintiff has alleged confusion, SAC [Dkt. 34] ¶54, Defendants note that Exhibit 7 shows only instances where *Eisold* appears to have profited from Runnels' fame, as it shows fans who have purchased Eisold's apparel while including wrestling tags, not the other way around. If necessary and at the appropriate time, Defendants will raise their contention that any substantive trademark infringement analysis fails because the contemporaneous use of the Eisold Mark and the Runnels Mark for the parties' relevant goods and services is unlikely to generate consumer confusion in the marketplace due to, *inter alia*, the vast differences in the parties' respective consumer classes (as highlighted above) and channels of trade.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**D. Plaintiff Fails to State a Claim Under the UCL (Count V)**

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair, or fraudulent business act or practice[.]" *See* Cal. Bus. & Prof. Code § 17200. The UCL "'establishes three varieties of unfair competition-acts or practices that are' (1) 'unlawful,' (2) 'unfair,' or (3) 'fraudulent.'" *Noory v. Camden Dev., Inc.*, No. CV2001767ABGJSX, 2020 WL 6594986, at *6 (C.D. Cal. June 24, 2020) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999)). The three prongs of the UCL are independent of each other and may be asserted as separate claims. *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 180; *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) ("Each prong of the UCL is a separate and distinct theory of liability."). Plaintiff fails to allege a violation of the UCL as he has not established that he lacks an adequate remedy at law nor has he sufficiently alleged any prong of the UCL.

***1. Plaintiff Has Not Established a Remedy at Law is Inadequate***

As this Court has noted, "'[a] UCL action is equitable in nature; damages cannot be recovered.'" *Noory*, 2020 WL 6594986, at *6 (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003)). Accordingly, "'[a] plaintiff may only seek equitable relief under California's UCL where [he] has no adequate remedy at law.'" *Id.* (internal citations omitted). If a plaintiff can seek money damages through the claim underlying the alleged UCL violation, the plaintiff "has an adequate remedy at law and is precluded from seeking equitable relief under the UCL." *Id.*

Here, Plaintiff's UCL claims against WWE and Fanatics are based solely on Plaintiff's conclusory allegations that "WWE and Fanatics have engaged in unlawful, unfair, and fraudulent business acts or practices by inducing Runnels' breach of the settlement agreement and by intentionally interfering with contractual relations between Eisold and Runnels. *See* SAC [Dkt. 34], ¶100. Because Plaintiff's UCL allegations merely parrot Plaintiff's inducing breach of contract and intentional interference claims, and he specifically seeks only monetary damages for these claims,

Plaintiff is precluded from bringing a UCL action against WWE and Fanatics. *See* SAC [Dkt. 34], Prayer for Relief ¶¶5-6. Accordingly, the Court should dismiss Plaintiff's UCL claims against WWE and Fanatics with prejudice, as amendment would be futile.

***2. Plaintiff Fails to State a Claim for Relief Under the UCL***

In addition, Plaintiff fails to state a claim under any prong of the UCL. To assert a claim for violation of the UCL, a plaintiff must specifically allege a practice that is either "'(1) unlawful (*i.e.*, is forbidden by law), (2) unfair (*i.e.*, harm to victim outweighs any benefit) or (3) fraudulent (*i.e.*, is likely to deceive members of the public)." *Noory*, 2020 WL 6594986, at *6 (quoting *Moss*, 197 F. Supp. 3d at 1198. Here, Plaintiff simply regurgitates the UCL prongs' keywords (unlawful, unfair, and fraudulent) with general references to Plaintiff's other claims for inducing breach of contract and intentional interference with contractual relations. This, alone, is fatal as Plaintiff's failure to plead specific prong or prongs of the UCL deprives WWE and Fanatics of fair notice. *See Qureshi v. Countrywide Home Loans, Inc.*, No. C09-4198 SBA, 2010 WL 841669, at *7 (N.D. Cal. Mar. 10, 2010) (dismissing claim when "[t]he amended complaint fails to identify which prongs of the UCL form the basis of this claim and fails to allege any particular facts in support thereof.").

a. <u>Unlawful Prong</u>

Under the "unlawful" prong, the UCL borrows from and "treats violations of other federal, state, regulatory, or court-made law as unlawful business practices independently actionable under state law." *AK Futures LLC v. TBH Supply LLC*, No. 823CV01030JVSADSX, 2023 WL 8351565, at *5 (C.D. Cal. Nov. 3, 2023) (citing *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003)). However, common law violations are, on their own, insufficient to establish a violation of the UCL's "unlawful" prong. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1043-44 (9th Cir. 2010). Thus, a plaintiff that "'does not go beyond alleging a violation of common law . . . fails to state a claim under the unlawful prong[.]'" *Foundry IV Inc. v. Hard Carry Gaming Inc.*, No. CV 23-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

2690-KK-MARX, 2024 WL 211010, at *6 (C.D. Cal. Jan. 3, 2024) (quoting *Shroyer*, 622 F.3d at 1043-44). Here, Plaintiff's UCL claims against WWE and Fanatics are premised solely on common law violations of inducing breach of contract and intentional interference with contractual relations. *See* SAC [Dkt. 34], ¶100. Accordingly, Plaintiff's allegations do not support a UCL claim based on unlawful business acts or practices. *See Foundry IV Inc.*, 2024 WL 211010, at *6 (collecting cases); *Shroyer*, 622 F.3d at 1043-44.

b. Unfair Prong

Assuming Plaintiff intended to bring a claim under the unfair prong of the UCL, Plaintiff's claim still fails. Courts have limited UCL "unfair" claims to business practices that threaten "'an incipient violation of an antitrust law,'" or conduct that "'violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens of harms competition.'" *AK Futures LLC v. TBH Supply LLC*, No. 823CV01030JVSADSX, 2023 WL 8351565, at *5 (C.D. Cal. Nov. 3, 2023) (quoting *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 189). Plaintiff does not identify any antitrust laws or associated policies violated by WWE and Fanatics' conduct. This claim therefore fails.

c. Fraudulent Prong

When a plaintiff brings a claim under the fraudulent prong of the UCL, or any other claim sounding in fraud, the plaintiff must satisfy Rule 9(b)'s heightened pleading standard. *Id.*; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that where plaintiff alleges unified course of fraudulent conduct and relies entirely on that conduct as the basis of the claim, the claim is grounded in fraud and must satisfy Rule 9(b)). Here, Plaintiff does not allege any facts against WWE and Fanatics that satisfy the heightened pleading standard for fraud. Instead, Plaintiff simply relies on conclusory statements and speculations as to what discovery may reveal at some point. This claim therefore fails.

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## V. CONCLUSION

For all the reasons detailed herein, Defendants respectfully request an order dismissing Counts II-V of Plaintiff's SAC against them with prejudice.

Dated: July 11, 2025

HOLLAND & KNIGHT LLP

*/s/ Stacey H. Wang*
Stacey H. Wang

DANIEL EBELING MACCIA AND COHEN, LLP

*/s/ Danielle N. Garno*
Danielle N. Garno

*Attorneys for Defendants World Wrestling Entertainment, LLC; and Fanatics, LLC*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendants World Wrestling Entertainment, LLC, and Fanatics LLC, certifies that this brief contains 6,574 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 11, 2025

*/s/ Stacey H. Wang*
Stacey H. Wang